HUSTON J. LONG *et al.*, Plaintiffs-Appellants, v. KEMPER LIFE INSUR-
ANCE COMPANY, Defendant-Appellee.

Second District   No. 2—89—0787

Opinion filed April 11, 1990.

Patrick E. Ward, of Dixon, for appellants.

Stephen C. Pemberton, of Williams & McCarthy, P.C., of Oregon, for appellee.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiffs, Huston and Edith Long, appeal from a judgment of the circuit court of Lee County denying them equitable relief. Plaintiffs raise two issues on appeal: whether the trial court erred by denying plaintiffs' motion to strike the affirmative defense of defendant, Kemper Life Insurance Company; and whether the trial court erred in relying on the doctrine of "unclean hands" to deny plaintiffs relief.

The parties stipulated to the following facts. Plaintiffs applied to defendant for a life insurance policy on the life of Huston as an investment measure to defer taxes. In the application, plaintiffs stated that Huston was "free from any mental or physical impairment or disease" and that Huston was not taking any medication. Plaintiffs withdrew the premium amount of $100,000 from a certificate of deposit bearing interest at the rate of 11% per year. On June 12, 1985, plaintiffs sent the application and the premium to defendant, which subsequently approved the application.

In April 1986, plaintiffs filled out an application for change of the insurance policy seeking to have the preferred rate for nonsmokers. In that application plaintiffs again stated that Huston did not have any impairment or disease and was not taking any medication. Defendant later discovered that in 1984 Huston was diagnosed as

having a pulmonary disorder and claudication (lameness). On May 28, 1985, Huston had been admitted to the hospital for an aortogram and was again diagnosed as suffering from lameness as a result of a vascular disease. Huston was also taking prescription medication for this condition. Plaintiffs did not list Huston's ailments on the policy applications because Huston was concerned that he might not be eligible for the policy if defendant knew of his physical condition. On September 15, 1986, defendant rescinded the policy and sent plaintiffs a refund of $100,000, the premium price. Defendant had use of the $100,000 from June 27, 1985, to September 15, 1986, and earned interest on those funds at the rate of 7.75%. Defendant did not refund any of the interest to plaintiffs when defendant rescinded the policy.

Plaintiffs filed an action in the circuit court, alleging that defendant unjustly retained the interest. Plaintiffs sought recovery of the interest under the equitable theory of unjust enrichment. Defendant filed an affirmative defense which alleged that plaintiffs had been guilty of misconduct, bad faith, and fraud in procuring the policy from defendant. Plaintiffs filed a motion to strike the affirmative defense, arguing that their misconduct, bad faith and fraud did not affect their right to the interest. The court denied plaintiffs' motion. Because the facts were not in dispute, the parties submitted briefs to the trial court in lieu of a hearing. The trial court found that because plaintiffs were guilty of misconduct, bad faith and fraud, the equitable doctrine of "unclean hands" barred them from recovery. Plaintiffs then timely filed this appeal.

■■ Plaintiffs first contend that the trial court should have stricken defendant's affirmative defense because it did not defeat or avoid the legal effect of the cause of action. An affirmative defense is one which gives color to the opponent's claim but asserts new matter which defeats the plaintiff's apparent right to judgment. (*Raprager v. Allstate Insurance Co.* (1989), 183 Ill. App. 3d 847, 854.) An affirmative defense should not be stricken if the pleading raises a possibility that the defendant will prevail. *Raprager*, 183 Ill. App. 3d at 854.

■■ Plaintiffs argue that their misrepresentations on the insurance applications are irrelevant to the question of which party is entitled to the interest. We disagree. Plaintiffs instituted an equitable action for unjust enrichment. It is a basic maxim of equity that he who seeks equity must do equity. (*Mills v. Susanka* (1946), 394 Ill. 439, 445.) The affirmative defense here alleged that plaintiffs were not entitled to the interest because they had acted in bad faith and

were guilty of fraud. Thus, according to the doctrine of "unclean hands," if plaintiffs were guilty of misconduct, the trial court could bar them from recovering the interest, even if they were otherwise entitled to it. (See *Fair Automotive Repair, Inc. v. Car-X Service Systems, Inc.* (1984), 128 Ill. App. 3d 763, 767-68.) We therefore conclude that the trial court properly refused to strike the affirmative defense.

■ Plaintiffs next contend that the trial court improperly applied the doctrine of "unclean hands." According to plaintiffs, defendant cannot keep the interest because it elected to rescind the policy and, therefore, had a duty to return plaintiffs to the status quo by returning the premium and the interest which it earned. (See *Puskar v. Hughes* (1989), 179 Ill. App. 3d 522, 528.) Plaintiffs further argue that the object of rescission is not to punish, but to correct the injustice. (*Ehrlich v. United States* (5th Cir. 1958), 252 F.2d 772, 776.) This is not, however, an action seeking to rescind a contract, and the question is not whether a party is entitled to prejudgment interest. This is an action seeking funds earned as interest.

Plaintiffs' arguments also completely miss the point of the equitable doctrine of "unclean hands." Defendant did not argue that it was entitled to the funds because of plaintiffs' fraud and misconduct; it asserted that plaintiffs should be barred from the relief they seek because they attempted to defraud defendant. The trial court did not find that defendant was entitled to the funds. Instead, it refused to grant plaintiffs the equitable remedy they sought because they deliberately misrepresented material facts on the applications.

■ The doctrine of "unclean hands" precludes a party from taking advantage of his own wrong. (*State Bank v. Sorenson* (1988), 167 Ill. App. 3d 674, 680.) The doctrine applies if the party seeking equitable relief is guilty of misconduct, fraud or bad faith toward the party against whom relief is sought if that misconduct is connected with the transaction at issue. (*State Bank*, 167 Ill. App. 3d at 680.) The application of the doctrine is a matter for the trial court's discretion, which we will not disturb on appeal absent an abuse of that discretion. *Fair Automotive*, 128 Ill. App. 3d at 768.

■ Here, plaintiffs intentionally misrepresented the state of Huston's health because they believed defendant would not accept him for a life insurance policy. We agree with the trial court's finding that plaintiffs are guilty of misconduct, fraud and bad faith. Their misrepresentations are related to the equitable action to recover the interest because the premium which plaintiffs paid when they fraudulently obtained the policy was the principal of the funds they now

seek. We therefore conclude that the trial court did not abuse its discretion in refusing to grant equitable relief to plaintiffs.

The judgment of the circuit court of Lee County is affirmed.

Affirmed.

GEIGER and WOODWARD, JJ., concur.