2016 IL App (1st) 150433

FIRST DIVISION
May 23, 2016

No. 1-15-0433

| | | |
|---|---|---|
| PROSPECT DEVELOPMENT, LLC, a | ) | Appeal from the |
| Delaware Limited Liability Company; | ) | Circuit Court of |
| PROSPECT DEVELOPMENT CORPORATION, | ) | Cook County |
| an Illinois Corporation; and JOHN G. WILSON, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | No. 12 L 8239 |
| v. | ) | |
| | ) | |
| DONALD KREGER and SCHIFF HARDIN, | ) | |
| an Illinois Limited Liability Company, | ) | Honorable |
| | ) | John P. Callahan, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
Presiding Justice Cunningham and Justice Connors concurred in the judgment
 and opinion.

## OPINION

¶ 1     Plaintiffs brought this legal malpractice suit against defendant attorney and the law firm that employed him.  Prior to this lawsuit, plaintiff had previously filed a breach of contract action against the city of Prospect Heights, Illinois, stemming from the collapse of a deal to develop a sports arena for the city.  The defendant attorney in this action was general counsel for the city until the arena deal collapsed in 2004.  In the previous lawsuit, the plaintiffs were successful in proving their claim for breach of contract but were denied recovery based on the doctrine of unclean hands.  The court in the breach of contract action found plaintiffs' undisclosed loans to defendant attorney barred recovery on the breach of contract action.  Plaintiffs then instituted this action against defendant attorney and his former firm for legal malpractice.

¶ 2    In their complaint, plaintiffs alleged each time a loan was made from 1997-2001, they inquired as to the propriety of the loans and whether they should be disclosed. Plaintiffs alleged each time they inquired, defendant attorney gave them negligent advice. Plaintiffs further alleged that the malpractice was concealed from them until the adverse ruling was handed down in the prior case. After motion practice, the circuit court dismissed plaintiffs' complaint after finding that in denying recovery in other case, the previous court made a factual determination that in January 2005 the plaintiffs had knowledge the loan advice they last received in October 2001 may not have been proper. The court ruled such a determination barred relitigation of the issue in this case. Because over two years remained before the statute of repose ran when plaintiffs obtained this knowledge in 2005, the circuit court found the suit barred by plaintiffs' failure to file within this period. Plaintiffs timely appealed the dismissal.

¶ 3    On appeal, plaintiffs argue that the statute of repose was tolled until the prior court issued its ruling denying them recovery. They argue that prior court's decision does not bar them from litigating when they had notice of the alleged negligent advice in this action.

¶ 4    For the reasons stated below, we affirm the order of the circuit court dismissing the second amended complaint with prejudice.

¶ 5                                    JURISDICTION

¶ 6    In November 2013, defendants moved to dismiss plaintiffs' second amended complaint based on section 2-619(a)(5) of the Code of Civil Procedure (735 ILCS 5/2-619(a)(5) (West 2012)), alleging the cause of action was barred by the six-year statute of repose. The circuit court originally denied defendants' motion to dismiss. On June 26, 2014, defendants moved for reconsideration. On October 20, 2014, the circuit court granted defendants' motion to reconsider and dismissed plaintiffs' second amended complaint. On November 19, 2014, plaintiffs moved

for reconsideration of the court's dismissal order. The plaintiffs' motion was denied on January 14, 2015. Plaintiffs filed their notice of appeal on February 11, 2015. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6 of the Illinois Constitution, and Illinois Supreme Court Rules 301 and 303. Ill. Const. 1970, art. VI, § 6; Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. May 30, 2008).

¶ 7                                    BACKGROUND

¶ 8     This case has a long factual history and many of the events that gave rise to this action are recounted in *Prospect Development, LLC v. City of Prospect Heights*, 2012 IL App (1st) 103759-U. Accordingly, we recite only those facts necessary for the disposition of this appeal.

¶ 9     Attorney Donald J. Kreger (Kreger) was a partner in the Chicago office of Schiff Hardin LLP, and between 1977 and 2003 acted as general counsel for the city of Prospect Heights, Illinois. Kreger had a close relationship with plaintiff-appellee John Wilson (Wilson), whom he had met when their sons were on the same hockey team. In early 1994, the city of Prospect Heights hired Wilson as a consultant to conduct a feasibility study into constructing and operating a sports arena in the city. In June 1997, Prospect Development Corporation executed a redevelopment agreement to proceed with the project. Needless to say, the sports arena was never built and by 2004 the deal was dead. In January 2005, Wilson and his companies filed suit against the city for breach of contract. Wilson and his companies sought to recover over $20 million alleged to be owed to them under the contract with the city. Important to both this action and the previous action, Wilson and his companies pled the following in the original breach of contract complaint:

> "25.     In addition, during this time, Kreger, one of the City's Agents, approached
>
> Developer's principal Wilson on multiple occasions to 'request' a $100,000 loan in

connection with a personal financial problem. In light of the close role that City's Agents had played in the Arena Project, Wilson granted such a loan in excess of $100,000 for fear that its refusal would adversely affect the Developer's ability to complete the Arena Project."

¶ 10 The city construed this as an admission that Wilson and his companies knew the loans were inappropriate. Thus, in addition to the counterclaims brought by Prospect Heights, it also raised an affirmative defense of unclean hands. At trial, the circuit court heard testimony that beginning in December 1996 and lasting until October 2001, Wilson loaned over $150,000 to Kreger. These loans were never disclosed to the city.

¶ 11 After a bench trial, the circuit court issued its ruling on July 23, 2010. Judge Preston ruled in favor of Wilson and his companies on their breach of contract claim but denied them any recovery based on the doctrine of unclean hands. Judge Preston found Wilson engaged in "bad faith" and "clear misconduct" when he failed to disclose the secret financial relationship he had with Kreger. Specifically pointing to paragraph 25 of the original complaint, the court stated "Plaintiff, through its principal, Mr. Wilson, obviously knew that the 'friendship loans' provided to Mr. Kreger may have presented a conflict of interest or may have been viewed as inappropriate." Based on this, the court found that "Mr. Wilson admittedly felt that these loans might have been necessary if he wanted his company to complete the Arena Project." This decision was affirmed by this court on appeal. See *Prospect Development, LLC v. City of Prospect Heights*, 2012 IL App (1st) 103759-U (affirming the trial court's unclean hands ruling).

¶ 12 Plaintiffs filed this action on July 12, 2012 alleging legal malpractice. In their complaint, Plaintiffs alleged that Schiff Harden and Kreger (1) represented plaintiffs in connection with the Wilson-Kreger loans, and (2) provided negligent advice that caused Wilson not to disclose the

loans. Kreger and Schiff Harden moved to dismiss the complaint pursuant to section 2-619(a)(5) alleging that the cause of action was barred by the six-year statute of repose for legal malpractice. See 735 ILCS 5/13-214.3(c) (West 2012).

¶ 13    After motion practice, plaintiffs filed their second amended complaint in 2013. In the second amended complaint, plaintiffs acknowledged that they had filed their complaint after the six-year state of repose had expired. They asserted that Kreger's alleged misstatements and concealment suspended or tolled the statute of repose under the doctrine of equitable estoppel or fraudulent concealment. Kreger's alleged misstatements consisted of his assurances at the time that the loans were proper and need not be disclosed. The alleged concealment consisted of Kreger thereafter failing to inform plaintiffs that his alleged statements about the loans were wrong. They assert "Plaintiffs did not know that the representations concealing the foregoing information [relating to the Wilson-Kreger loans] were false and did not bring any action against defendants until after Judge Preston's ruling in 05 L 778."

¶ 14    The fraudulent concealment claim was based specifically on the following allegations: (1) Kreger concealed the fact that the loans were improper and impaired the rights of Prospect Development LLC and Prospect Development Corporation to enforce their legal rights against the City of Prospect Heights; (2) Kreger concealed the fact that his legal opinions were not based on sound legal analysis; (3) Kreger concealed the fact that his recusal from negotiations with Prospect Development were insufficient to mitigate or cure Kreger's conflicts; (4) Kreger concealed the fact that the appointment by the City of Prospect Heights of independent counsel Bruce Huvard did not resolve Kreger's conflicts of interest; and (5) Kreger concealed the fact that his own disclosures to the City about his relationship with Jack Wilson were insufficient.

¶ 15 On May 23, 2014 the trial court denied the motion to dismiss the second amended complaint. The court found there was no injury to plaintiffs until Judge Preston ruled in 2010, and that, therefore, the statute of repose had not begun to run until this ruling. The circuit court also ruled that in order to determine whether the alleged fraudulent concealment tolled the statute of repose, the court would have to resolve "whether [there was] fraudulent concealment" and "whether Wilson should have discovered the impropriety of Kreger's advice."

¶ 16 Kreger and Schiff Harden moved for reconsideration. First, they pointed out a statute of repose runs from the date of the negligent act, not the date the negligent act causes injury. Then they argued Judge Preston's ruling established that by January 2005, plaintiffs were on notice they could not rely upon the alleged advice from Kreger. Thus, defendants argued, even if there had been a basis to toll the statute of repose initially, plaintiffs had a duty to investigate by January 2005, ending any tolling period. Finally, because more than two years remained in which to bring the suit and plaintiffs failed to bring it in that period, the action was barred by the statute of repose.

¶ 17 On October 20, 2014, the circuit court heard and granted Defendants' motion to reconsider based on the above arguments. Accordingly, the court dismissed the second amended complaint with prejudice. Plaintiffs filed their own motion to reconsider, but that was denied on January 14, 2015. This timely appeal followed.

¶ 18 Plaintiffs raise only one issue on appeal: is plaintiffs' complaint for legal malpractice barred by the six-year statute of repose. For the following reasons, we affirm the ruling of the circuit court.

¶ 19                                    ANALYSIS

¶ 20    On appeal, plaintiff argues Kreger's malpractice was concealed from them until Judge Preston issued his ruling on July 23, 2010.  They argue Judge Preston's finding in the 2005 order does not preclude them from litigating the notice issue in this action.

¶ 21    "A section 2-619 motion admits as true all well-pleaded facts, along with all reasonable inferences that can be gleaned from those facts."  *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008).  "It is well settled that our review of a section 2-619 dismissal is *de novo*." *Id.*  Motions to reconsider that ask the trial court to review its application of law to the case as it existed at the time of the order to be reconsidered are also reviewed *de novo*.  *Belluomini v. Zaryczny*, 2014 IL App (1st) 122644, ¶ 20.  Whether or not collateral estoppel (issue preclusion) applies is a question of law we review *de novo*.  *Pace Communications Services Corp. v. Express Products, Inc.*, 2014 IL App (2d) 131058, ¶ 15.  Accordingly, our review is *de novo*.

¶ 22    In Illinois, the statute of repose in legal malpractice actions is governed by section 13-214.3(c).  It states in relevant part, "[e]xcept as provided in subsection (d), an action described in subsection (b) may not be commenced in any event more than 6 years after the date on which the act or omission occurred."  735 ILCS 5/13-214.3(c) (West 2012) (as reinstated by Pub. Act 89-7 (eff. Mar. 9, 1995); held invalid by *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997)). "Unlike a statute of limitations, which begins running upon accrual of a cause of action, a statue of repose begins running when a specific event occurs, regardless of whether any action has accrued or whether an injury has resulted."  (Internal quotation marks omitted.) *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 31.  While it creates a harsh result, the purpose of the statue of repose is to terminate the possibility of liability after a defined period of time, regardless of a party's lack of knowledge.  *Ferguson v. McKenzie*, 202 Ill. 2d 304, 311 (2001).

¶ 23    Taking all allegations in the second amended complaint as true, plaintiffs allege defendants provided negligent legal advice when plaintiffs inquired about the propriety and legality of making loans to Kreger.  Specifically, plaintiffs allege defendants informed them: (1) the loans were legal, proper, and would not jeopardize the plaintiffs' contract with the City; (2) the city hired Bruce Huvard to represent it so that the relationship between the plaintiffs and defendants no longer presented a problem; (3) plaintiffs did not need to, and in fact, should not disclose the loans to the city; and (4) plaintiffs did not need to seek outside counsel concerning the loans.  Based on plaintiffs own pleading in the second amended complaint, the last negligent advice came in October 2001.

¶ 24    Recognizing that the statute of repose would have long since run on a negligent act committed in 2001, plaintiffs alleged in the second amended complaint the statue of repose was tolled by Kreger's fraudulent concealment until Judge Preston issued his ruling in July 2010.  In alleging the statute of repose was tolled until then, plaintiffs allege Kreger misrepresented certain facts to Wilson in order to conceal his own wrongdoing.  Plaintiffs specifically allege Kreger concealed: (1) the fact that the loans were improper and impaired the rights of Prospect Development LLC and Prospect Development Corporation to enforce their legal rights against the City of Prospect Heights; (2) the fact that his legal opinions were not based on sound legal analysis; (3) the fact that his recusal from negotiations with Prospect Development were insufficient to mitigate or cure Kreger's conflicts; (4) the fact that the appointment of Huvard did not resolve Kreger's conflict; and (5) the fact that his own disclosures to the city about his relationship with Wilson were insufficient.

¶ 25    On appeal, plaintiffs argue that based on these facts, the statute of repose was tolled in accordance with either the fraudulent concealment statute (735 ILCS 5/13-215 (West 2012)) or

the doctrine of equitable estoppel. Defendants respond, regardless of whether any fraudulent concealment or estoppel apply, plaintiffs knew or should have known of the alleged negligence in January 2005 when they filed against Prospect Heights. Defendants argue plaintiffs knew or should have known of Kreger's misconduct then and investigated further. Based on the fact that the statue of repose did not run until October 2007, Defendants argue Plaintiff had ample time in which to file the lawsuit. Because they did not file between January 2005 and October 2007, defendants argue the action is barred by the statute of repose.

¶ 26 The fraudulent concealment statute, contained in section 13-215 of the Code of Civil Procedure, provides:

> "If a person liable to an action fraudulently conceals the cause of such action from the knowledge of the person entitled thereto, the action may be commenced at any time within 5 years after the person entitled to bring the same discovers that he or she has such cause of action, and not afterwards." 735 ILCS 5/13-215 (West 2012).

See *DeLuna v. Burciaga*, 223 Ill. 2d 49, 74 (2006) (holding that under section 13-215, a defendant's fraudulent concealment tolls the statute of repose for legal malpractice actions); *Rajcan v. Donald Garvey & Associates, Ltd.*, 347 Ill. App. 3d 403, 408 (2004) (plaintiffs' allegations of fraudulent concealment were sufficient to avoid section 2-619 dismissal under the statute of repose).

¶ 27 The common-law doctrine of equitable estoppel, as applied in the context of the statute of repose, parallels the fraudulent concealment statute. *Turner v. Nama*, 294 Ill. App. 3d 19, 26 (1997). Under this doctrine, a party may estop another person from asserting material facts where:

(1) the other person misrepresented or concealed material facts; (2) the other person knew at the time he or she made the representations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and when that party decided to act, or not, upon the representations; (4) the other person intended or reasonably expected that the party claiming estoppel would determine whether to act, or not, based upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to his or her detriment; and (6) the party claiming estoppel would be prejudiced by his or her reliance on the representations if the other person is permitted to deny the truth thereof." *DeLuna*, 223 Ill. 2d at 82-83.

¶ 28    However, Illinois courts will not apply either the doctrine of equitable estoppel or fraudulent concealment to toll a statute of repose in a case where "the claimant discovers the fraudulent concealment, or should have discovered it through ordinary diligence, and a reasonable time remains within the remaining limitations period." *Smith v. Cook County Hospital*, 164 Ill. App. 3d 857, 862 (1987); *Serafin v. Seith*, 284 Ill. App. 3d 577, 589 (1996); *Cramsey v. Knoblock*, 191 Ill. App. 3d 756, 766 (1989).  Accordingly, where a plaintiff has been put on inquiry as to a defendant's fraudulent concealment within a reasonable time before the ending of the statute of repose, such that he should have discovered the fraud through ordinary diligence, he cannot later use fraudulent concealment as a shield in the event that he does not file suit within the statutory period.  *Smith*, 164 Ill. App. 3d at 862.

¶ 29    If plaintiffs knew or even had reason to suspect in 2005 that the advice given in October 2001 by Kreger was negligent, then plaintiffs had a duty to investigate further and could no longer rely on Kreger's statements, if any, to continue to toll the repose period.

¶ 30    In the Prospect Heights proceeding, Judge Preston ruled in July 2010 that paragraph 25 of the complaint against Prospect Heights demonstrated Wilson and the companies knew in January 2005 that the friendship loans may have presented a conflict or be viewed as inappropriate. The circuit court in this case acknowledged that whether plaintiffs had timely notice would normally be a question of fact for the jury to decide but concluded Judge Preston, sitting as the finder of fact in the Prospect Heights action, had already made those determinations. Since Judge Preston concluded the Plaintiffs knew the loans were questionable in January 2005, the circuit court ruled such a determination precluded relitigation of the issue in this action.

¶ 31    The issue to be precluded is the factual determination that plaintiffs knew or may have known in January 2005 that loan advice was potentially negligent. Plaintiffs argue that the circuit court should not have used issue preclusion to prevent them from litigating the notice issue in this case.

¶ 32    Collateral estoppel is an equitable doctrine, also referred to as issue preclusion, which "promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions." *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001). It applies when some controlling fact or question material to the determination of both causes has been adjudicated against the party in the former suit by a court of competent jurisdiction. *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 389-90 (2001).

¶ 33    Defensive use of collateral estoppel occurs when a defendant invokes the doctrine to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost. See *In re Owens*, 125 Ill. 2d 390, 397 (1988). Collateral estoppel may be applied when the issue decided in the prior adjudication is identical with the one presented in the current action, there was a final

judgment on the merits in the prior adjudication, and the party against whom estoppel is asserted was a party to, or in privity with a party to, the prior adjudication. *Illinois State Chamber of Commerce v. Pollution Control Board*, 78 Ill. 2d 1, 7 (1979). It can apply to either questions of law or fact. *Du Page Forklift Service, Inc.*, 195 Ill. 2d at 80.

¶ 34 It is only the first element of collateral estoppel that is at issue here because neither party disputes that Judge Preston issued a final judgment on the merits in the Prospect Heights action and the plaintiffs in this action were the plaintiffs in the previous action. Our supreme court has recognized the importance of an identical issue to the operation of issue preclusion:

" 'To operate as an estoppel by verdict it is absolutely necessary that there shall have been a finding of a specific fact in the former judgment or record that is material and controlling in that case and also material and controlling in the pending case. It must also conclusively appear that the matter of fact was so in issue that it was necessarily determined by the court rendering the judgment interposed as a bar by reason of such estoppel. If there is any uncertainty on the point that more than one distinct issue of fact is presented to the court the estoppel will not be applied, for the reason that the court may have decided upon one of the other issues of fact.' " *Lange v. Coca-Cola Bottling Co. of Chicago, Inc.*, 44 Ill. 2d 73, 75 (1969) (quoting *Hoffman v. Hoffman*, 330 Ill. 413, 418 (1928)).

¶ 35 The defendants argued, and the circuit court agreed, in ruling on the affirmative defense of unclean hands in the previous action, the prior court determined plaintiffs knew in January 2005 they could not rely on the loan advice they had last received in October 2001. The circuit court thus found plaintiffs precluded from arguing defendants actions were fraudulently concealed from them until July 2010.

¶ 36    The unclean hands doctrine prevents a plaintiff – any plaintiff – who engages in misconduct, fraud or bad faith directed at the defendant in connection with the matter being litigated from receiving any relief from a court of equity. *Long v. Kemper Life Insurance Co.*, 196 Ill. App. 3d 216, 219 (1990). "The application of this equitable maxim lies within the sound discretion of the trial court; the doctrine is not concerned so much with the effect of plaintiff's conduct, but with the *intent* with which the acts were performed." (Emphasis added.) *Jaffe Commercial Finance Co. v. Harris*, 119 Ill. App. 3d 136, 140 (1983).

¶ 37    In finding that plaintiffs came to court with unclean hands, Judge Preston determined part of the intent Wilson and the companies had in making the loans was to guarantee the companies' participation and ensure the project was not delayed.[1]  In coming to this determination, Judge Preston pointed to paragraph 25 of the original complaint filed in January 2005, where plaintiff pled "Wilson granted such a loan in excess of $100,000 for fear that its refusal would adversely affect the Developer's ability to complete the project."  Accordingly, in making a finding on the affirmative defense on unclean hands, Judge Preston had to make a determination about plaintiffs' knowledge of the propriety of the loans.  Thus, the finding concerning what Wilson knew in January 2005 was the basis for Judge Preston's ruling concerning unclean hands.

¶ 38    Plaintiffs bear the burden of affirmatively proving their allegation of fraudulent concealment. *Melko v. Dionisio*, 219 Ill. App. 3d 1048, 1060 (1991).  "Plaintiff ha[s] the burden to allege facts that affirmatively show such fraudulent concealment of her cause of action. [Citation.] *** [T]he plaintiff must show that these acts did in fact prevent discovery of the cause of action." *Id.*  In order to succeed on their fraudulent concealment claim, plaintiffs must show they could not discover the alleged fraud before Judge Preston issued his ruling in July 2010,

---

[1] A determination we affirmed on appeal. See *Prospect Development LLC v. City of Prospect Heights*, 2012 IL App (1st) 103759-U.

however, Judge Preston already determined plaintiffs knew in 2005 the loans maybe improper and the legal advice not reliable. Thus, the issue decided in the previous lawsuit regarding plaintiffs' knowledge is the same issue raised as part of plaintiffs' fraudulent concealment claim. Accordingly, we find all the elements of collateral estoppel are met and the circuit court properly applied it.

¶ 39    Plaintiffs argue issue preclusion cannot apply in the present case to find Kreger's fraudulent concealment lifted because Judge Preston's ruling only provided that plaintiffs *may* have known that the loans presented a conflict of interest or *may* have been viewed as inappropriate, not that they *actually* knew. However, this ignores the well settled policy in Illinois that a toll on the statute of repose will not apply where a claimant *should have discovered* the fraudulent concealment through ordinary diligence and a reasonable time remained within the repose period to file suit. *Smith*, 164 Ill. App. 3d at 862. Plaintiffs, in January 2005, knew that loans may be inappropriate and may generate a conflict. At this point, plaintiffs were aware that the legal advice they last received may not be accurate and were required to investigate further. Plaintiffs had over two years from January 2005 to file this action within the period of repose, which certainly qualifies as ample time. See, *e.g.*, *Butler v. Mayer, Brown & Platt,* 301 Ill. App. 3d 919, 926 (1998) ("We have held that as little as six months remaining in a statute of limitations period is 'ample time' for a plaintiff to bring suit.") (citing *Smith,* 164 Ill. App. 3d at 863); *Turner,* 294 Ill. App. 3d at 28 (eight months considered ample time to bring suit); *Sabath v. Mansfield,* 60 Ill. App. 3d 1008, 1015 (1978) (same); *Rajcan,* 347 Ill. App. 3d at 409 (being put on inquiry regarding legal malpractice claim one year before expiration of repose period would constitute reasonable time to bring suit as a matter of law). Because they did not file suit during the remaining time, we find the action barred.

¶ 40    Accordingly, we affirm the circuit court's finding that plaintiffs' cause of action against defendants for legal malpractice is barred by the six-year statute of repose.

¶ 41                                CONCLUSION

¶ 42    For the foregoing reasons, we affirm the circuit court's ruling dismissing plaintiffs' second amended complaint for legal malpractice with prejudice after finding it was not filed within the six-year repose period.

¶ 43    Affirmed.