2018 IL App (1st) 180081

SIXTH DIVISION
NOVEMBER 30, 2018

No. 1-18-0081

| | | |
|---|---|---|
| PAUL ABRAMSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 L 3356 |
| | ) | |
| STEVEN A. MARDEROSIAN, | ) | Honorable |
| | ) | Margaret A. Brennan, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1   In this legal malpractice action, plaintiff Paul Abramson appeals from the order of the circuit court of Cook County granting summary judgment to defendant Steven A. Marderosian, plaintiff's former counsel. Plaintiff also challenges the trial court's denial of his motion seeking additional discovery prior to entry of summary judgment and the denial of two motions to amend his complaint. For the following reasons, we affirm the judgment of the circuit court of Cook County.

¶ 2                                  BACKGROUND

¶ 3   This case has a complex procedural history, including two prior actions by plaintiff, as well as a prior appeal decided by this court. *Abramson v. Chuhak & Tecson, P.C.*, 2013 IL App (1st) 121842-U. We cite that decision where appropriate in summarizing the factual background of this case.

¶ 4    Plaintiff contested the will of his deceased mother. In the will contest, plaintiff was represented by the law firm Chuhak & Tecson, P.C. (Chuhak). In connection with representing plaintiff in the will contest, plaintiff and Chuhak entered into a fee arrangement under which, rather than charging plaintiff an hourly fee, Chuhak agreed to receive a contingency fee in the amount of 50% of any proceeds recovered in the will contest. *Id.* ¶ 5.

¶ 5    In August 2008, Chuhak filed a complaint alleging that plaintiff's father exerted undue influence over plaintiff's mother, causing her to remove plaintiff from her will. *Id.* ¶ 7. Over the next several months, Chuhak engaged in written discovery and presented plaintiff for his deposition. *Id.* Chuhak then advised plaintiff to participate in a pretrial mediation to seek a resolution of the dispute. *Id.* ¶ 8. Plaintiff provided Chuhak with a pretrial mediation submission, in which he "indicated his belief of great wealth on his mother's side of the family. *** Plaintiff valued [his mother's] estate at $75 million while indicating his father valued the estate at $25 million." *Id.*

¶ 6    During the June 2009 mediation, "plaintiff and his estranged father spoke at length for the first time in years, during which they agreed to sign [a] settlement agreement and move forward toward rebuilding a relationship." *Id.* ¶ 9. "Initially, plaintiff stated that he would not sign any settlement agreement unless [Chuhak] agreed to reduce its contingency fee. [Chuhak] refused, stating that it would stop representing plaintiff if he refused to sign the settlement agreement and plaintiff would not owe [Chuhak] anything per their fee agreement." *Id.* ¶ 10.

¶ 7    At the end of the two-day mediation, plaintiff signed an agreement reflecting a settlement in the amount of $1 million. The settlement agreement provided that plaintiff would receive 50% of the total settlement amount ($500,000) and that Chuhak would receive the remaining 50%. *Id.* ¶ 11.

¶ 8     The settlement agreement contained a "no contact" provision, which provided that plaintiff would not contact or communicate with certain persons, including plaintiff's father. *Id.* ¶ 12. "Nevertheless, plaintiff and his father continued contacting each other as they had agreed during and after the mediation conference until sometime in early 2010, when his father's attorney sent a cease-and-desist order to [Chuhak] requesting that plaintiff stop attempting to contact his father." *Id.* In late 2010, Chuhak forwarded a second cease-and-desist letter to plaintiff from his father's attorneys. *Id.* Thereafter, Chuhak informed plaintiff that it "would not be representing him with respect to the dispute surrounding the 'no contact' provision." *Id.*

¶ 9     In April 2011, plaintiff retained defendant to sue Chuhak, in an effort to recover some or all of the $500,000 paid to Chuhak under the settlement agreement. According to defendant, plaintiff specifically told him that he did *not* wish to assert a claim against Chuhak for legal malpractice. On behalf of plaintiff, defendant filed an initial complaint seeking recovery under three alternative theories: (1) a declaratory judgment that Chuhak must surrender its fees because it withdrew its representation while it still owed a duty to perform, (2) a claim that Chuhak was equitably estopped from enforcing the fee agreement, or (3) breach of the fee agreement. *Id.* ¶ 13. Chuhak successfully moved to dismiss plaintiff's initial complaint against Chuhak pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)), but the trial court allowed plaintiff leave to amend the complaint.

¶ 10     In January 2012, defendant filed an amended complaint on behalf of plaintiff against Chuhak containing four counts: (1) fraudulent inducement to enter the fee agreement, (2) rescission of the fee agreement, (3) breach of fiduciary duty, and (4) breach of contract. *Abramson*, 2013 IL App (1st) 121842-U, ¶ 15. Chuhak moved to dismiss the amended complaint

under section 2-615 of the Code. In May 2012, the trial court granted that motion with prejudice. *Id.* ¶ 16.

¶ 11 Plaintiff appealed the dismissal of his amended complaint against Chuhak, and defendant represented him in that appeal. Defendant submitted an appellate brief to this court that argued, *inter alia*, that "[e]ven if Plaintiff did not state breach of fiduciary duty and contract claims, its allegations satisfy the pleading elements for legal malpractice." Plaintiff's brief argued that the breach of fiduciary duty and contract claims against Chuhak were "pled sufficiently to stand as a legal malpractice claim, which the trial court should have allowed if necessary to avoid dismissal."

¶ 12 In an unpublished order on December 27, 2013 (the December 2013 order), our court affirmed the dismissal of plaintiff's amended complaint against Chuhak. With respect to the breach of fiduciary duty claim, we stated:

"Plaintiff next argues that [Chuhak] did minimalist legal work and rushed to an early mediation and settlement. However, the record shows that plaintiff was not forced into settlement but made an informed choice to sign the settlement agreement. *** Thus, it is clear that the plaintiff was aware he did not have to sign the settlement agreement but could have hired another attorney and continued to litigate the case. [Chuhak] further maintains, and we agree, that signing the settlement did not reduce plaintiff's award, as evidenced by the fact that the mediation judge also valued the settlement at approximately $1 million. Moreover, any damage the

plaintiff might claim in this regard would be purely speculative."

*Id.* ¶ 32.

¶ 13    Our December 2013 order subsequently noted our rejection of plaintiff's argument "that even if he did not state breach of fiduciary duty and contract claims, his allegations satisfy the pleading requirements for legal malpractice." *Id.* ¶ 39. We noted that "plaintiff's assertion that decedent's assets had a value of $75 million and that he could have received a more favorable settlement, without any factual support, is mere speculation." *Id.* We explained:

> "A malpractice action related to an allegedly poor settlement is only allowed 'where it can be shown that the plaintiff had to settle for a lesser amount than she could reasonably expect without the malpractice. [Citation.] [Chuhak] points out that plaintiff did not allege that the other parties in the will contest would have settled his claim for a higher amount. [Chuhak] also contends that plaintiff has failed to allege facts establishing that [Chuhak] was the proximate cause of any actual damages. [Citation.] [Chuhak] further asserts that plaintiff's beliefs as to the value of the estate and that he could have obtained a more favorable settlement constituted mere speculation. We agree and find plaintiff did not satisfy the elements for a legal malpractice claim." *Id.* ¶ 40.

Our December 2013 order concluded that none of the four counts of the amended complaint stated a cause of action against Chuhak, and thus we affirmed the dismissal. *Id.* ¶¶ 46-47.

¶ 14    In May 2014, plaintiff commenced the instant action, filing a complaint against defendant for legal malpractice in the circuit court of Cook County. After defendant answered the original

complaint, plaintiff filed an amended complaint in February 2015. In March 2016, plaintiff moved to voluntarily dismiss his suit against defendant, without prejudice. The trial court granted that motion in April 2016.

¶ 15    In April 2017, plaintiff refiled his complaint, which contained a single count of legal malpractice against defendant. That complaint acknowledged that its allegations were "identical [to] the allegations previously answered by [defendant]" prior to the 2016 voluntary dismissal.

¶ 16    The complaint alleged that defendant was negligent in representing plaintiff in the prior lawsuit against Chuhak. Specifically, plaintiff alleged that defendant

> "failed to adequately allege the facts necessary to establish malpractice in the original complaint when [defendant] knew of such facts as:
>
> i. Chuhak's failure to disclose the terms and conditions of the proposed settlement agreement, especially the non-monetary consideration.
>
> ii. Chuhak's failure to obtain necessary witnesses for the will contest.
>
> iii. Chuhak's failure to discover the actual value of the estate before drafting and recommending the settlement agreement.
>
> iv. Chuhak's failure to object to the inclusion of Plaintiff's Social Security number in a public document.
>
> v. Chuhak's disclosure of the fee agreement without Plaintiff's knowledge and consent."

The complaint also alleged, *inter alia*, that defendant "failed to amend the complaint against Chuhak correctly to allege those facts establishing legal malpractice." The complaint claimed that, but for these acts of negligence by defendant, plaintiff "would have prevailed in his legal malpractice action" against Chuhak.

¶ 17    Plaintiff's complaint claimed damages including "the amount [plaintiff] should have received in the underlying will contest as well as the excess fee Chuhak received," as well as the costs of prosecuting "an obviously futile appeal and the costs of defending the suits brought by Plaintiff's father in Probate and Chancery."

¶ 18    In June 2017, defendant filed an answer with affirmative defenses. The first affirmative defense alleged that *res judicata* or collateral estoppel barred "Plaintiff's claim that [defendant] failed to properly assert a claim for legal malpractice" against Chuhak. Defendant asserted that our court's December 2013 order "already ruled that even if a claim for legal malpractice had been asserted against [Chuhak] such claim would have failed as a matter of law." As a second affirmative defense, defendant asserted that he and plaintiff had "agreed to a limited scope of representation" and agreed that defendant would not pursue a legal malpractice claim against Chuhak. In a third affirmative defense, defendant alleged plaintiff's contributory or comparative negligence, as plaintiff had "instructed [defendant] that he did not want to file a legal malpractice claim" against Chuhak.

¶ 19    Plaintiff subsequently moved to strike these three affirmative defenses. On September 8, 2017, that motion was denied, and the court ordered plaintiff to answer the affirmative defenses by September 29, 2017.

¶ 20   On September 14, 2017, plaintiff moved for leave to file an amended complaint. Although the parties' submissions indicate that a proposed amended complaint was submitted to the trial court, it is not in the record on appeal.

¶ 21   On September 25, 2017, while the motion to amend was pending, defendant filed his motion for summary judgment. That motion argued, *inter alia*, that in light of our court's December 2013 order, collateral estoppel barred plaintiff from pleading that defendant could have alleged a legal malpractice claim against Chuhak. The summary judgment motion also argued that plaintiff had specifically instructed defendant not to pursue a legal malpractice claim. Defendant's motion attached supporting exhibits, including correspondence between plaintiff and defendant regarding the prior action against Chuhak.

¶ 22   On October 2, 2017, the trial court denied plaintiff's motion for leave to file an amended complaint. Shortly thereafter, on October 10, 2017, plaintiff filed a "Motion to Stay Briefing on § 2-1005 Motion and for Discovery Pursuant to Illinois Supreme Court Rule 191" (Rule 191 motion). See Ill. S. Ct. R. 191 (eff. Jan. 4, 2013). The Rule 191 motion sought to stay briefing on the pending summary judgment motion, arguing that limited discovery was necessary to allow plaintiff to respond to "new facts raised by [defendant]" in his motion for summary judgment and supporting exhibits. Specifically, plaintiff sought to depose defendant and his partner, Kendra Marderosian.

¶ 23   On October 23, 2017, the trial court denied plaintiff's Rule 191 motion. On November 7, 2017, plaintiff filed his opposition to defendant's motion for summary judgment.

¶ 24   On December 19, 2017, the trial court conducted a hearing on defendant's motion for summary judgment. In the course of its ruling, the court indicated its agreement that collateral estoppel applied because of our December 2013 order, commenting: "The thing about this case

\*\*\* is that the appellate court's opinion is they addressed—even though whether or not the legal mal[practice] had been pled, they addressed whether or not it—and stated as such. They addressed the fiduciary duty and legal mal[practice], the possibilities of those claims." Plaintiff's counsel responded that the issue of whether defendant pleaded legal malpractice against Chuhak in the prior action was only a "small piece" of plaintiff's instant case against defendant, and counsel argued that defendant had negligently advised plaintiff on other matters. However, the court agreed with defendant's counsel that these other allegations were "outside the allegation[s] of the complaint" and thus did not preclude summary judgment.

¶ 25    After the court stated that it would grant the summary judgment motion, plaintiff's counsel orally requested leave to file an amended complaint. The trial court denied that request.

¶ 26    On January 5, 2018, plaintiff filed a timely notice of appeal. Accordingly, this court has jurisdiction. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 27                                  ANALYSIS

¶ 28    On appeal, plaintiff challenges four separate rulings by the trial court. First, he contends that the trial court erred when it denied his request to amend the complaint, after defendant pleaded affirmative defenses. Second, plaintiff claims that the trial court erred when it denied his Rule 191 motion. Third, plaintiff claims that the trial court erred in granting summary judgment. Finally, plaintiff argues that the trial court erred in denying his oral motion for leave to amend, following the ruling on the motion for summary judgment.

¶ 29    First, we address the denial of plaintiff's motion to amend his complaint after defendant answered and pleaded affirmative defenses. Plaintiff asserts that the trial court abused its discretion because the motion to amend "was brought very early in the litigation" and satisfied the relevant factors identified by our supreme court in *Loyola Academy v. S&S Roof*

9

*Maintenance, Inc.*, 146 Ill. 2d 263 (1992). He claims that his attempted amendment "cure[d] numerous defects in the original complaint" and that the amendment could not cause prejudice or surprise because "discovery remained open" and defendant had not moved to dismiss the original complaint. He also contends that his motion to amend was timely because "no deadlines had been set" and the motion was filed only seven days after the trial court denied his motion to strike defendant's affirmative defenses.

¶ 30    A trial court has "broad discretion in motions to amend pleadings prior to entry of final judgment" (internal quotation marks omitted), and we "will not find that denial of a motion to amend is prejudicial error unless there has been a manifest abuse of such discretion." *Id.* at 273-74. Our supreme court in *Loyola Academy* identified four factors in determining whether the trial court abused its discretion: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Id.* at 273.

¶ 31    As defendant points out (and plaintiff does not dispute), the proposed amendment that accompanied plaintiff's motion to amend is *not* included in the record on appeal. This omission is fatal to plaintiff's challenge to the court's ruling. "[T]o support a claim of error, the appellant has the burden to present a sufficiently complete record." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). "Without an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Id.* at 157. " 'Any doubts which may arise from the incompleteness of the record will be resolved against the appellant.' " *Id.* (quoting *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984)).

¶ 32   These principles lead us to affirm the denial of plaintiff's motion to amend. Without a proposed amended complaint in the record, we cannot properly evaluate whether the contents of that proposed pleading would cure the defects of the original complaint or if the new allegations would cause defendant prejudice or surprise. Thus, we cannot say that the trial court abused its discretion when it denied the motion to amend.

¶ 33   We turn to plaintiff's claim that the trial court erred in denying his Rule 191 motion, which sought to allow plaintiff to take depositions before responding to defendant's summary judgment motion. " 'A trial court is afforded considerable discretion in ruling on matters pertaining to discovery, and thus its rulings on discovery matters will not be reversed absent an abuse of that discretion.' [Citation.] 'An abuse of discretion will be found where no reasonable person would take the view adopted by the trial court.' [Citation.]" *Olive Portfolio Alpha, LLC v. 116 West Hubbard Street, LLC*, 2017 IL App (1st) 160357, ¶ 23.

¶ 34   "When a party cannot sufficiently respond to a motion for summary judgment because it believes additional discovery is necessary, it may file a Rule 191(b) affidavit. [Citations.]" *Kane v. Motorola, Inc.*, 335 Ill. App. 3d 214, 224 (2002). Rule 191(b) provides:

> "If the affidavit of either party contains a statement that any of the material facts which ought to appear in the affidavit are known only to persons whose affidavits affiant is unable to procure by reason of hostility or otherwise, naming the persons and showing why their affidavits cannot be procured and what affiant believes they would testify to if sworn, with his reasons for his belief, the court may make any order that may be just, either granting or refusing the motion, or granting a continuance to permit affidavits

to be obtained, or for submitting interrogatories to or taking the depositions of any of the persons so named, or for producing documents in the possession of those persons or furnishing sworn copies thereof." Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013).

¶ 35　In this case, plaintiff's Rule 191 motion was accompanied by an affidavit in which plaintiff's counsel stated: "The question as to the scope of the representation of [plaintiff] and the verbal agreements to allow [defendant] to represent [plaintiff] in other matters and take actions harmful to his other claims cannot be answered without the depositions of Steven Marderosian and his partner Kendra Marderosian." The affidavit also stated: "Apparently, based on the sparse records attached to the Motion for Summary Judgment, [defendant] has additional information relating to the scope of his representation of Abramson."

¶ 36　The motion and supporting affidavit did not satisfy the requirements of Rule 191(b). Notably, "an affidavit from an attorney does not comply with Rule 191(b), which requires affidavits from the party. [Citations.]" *Olive Portfolio*, 2017 IL App (1st) 160357, ¶ 28; see also *Crichton v. Golden Rule Insurance Co.*, 358 Ill. App. 3d 1137, 1151 (2005) (finding that Rule 191(b) affidavit was "deficient" where it was "exclusively signed by the plaintiff's attorney, whereas the rule requires that the affidavit be signed by a party"). The affidavit submitted by plaintiff's attorney, rather than plaintiff himself, was thus insufficient.

¶ 37　Further, the affidavit in support of the Rule 191 motion was otherwise deficient because it did not specify the information that plaintiff expected to discover from the requested depositions. A Rule 191(b) "affidavit must state specifically what the affiant believes the prospective witness would testify to if sworn and reasons for the affiant's belief. [Citation.]" *Giannoble v. P&M Heating & Air Conditioning, Inc.*, 233 Ill. App. 3d 1051, 1065 (1992). It is

not sufficient for an affidavit to "only offer[ ] a general belief of what testimony would be disclosed during discovery." *Olive Portfolio*, 2017 IL App (1st) 160357, ¶ 29; see also *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 98 (trial court did not abuse discretion in denying Rule 191(b) request for additional depositions where "plaintiff's motion does not state what he believed [proposed deponents] would testify to if sworn"). Here, plaintiff's counsel's affidavit did not indicate what testimony would be given in the requested depositions, but it vaguely suggested that defendant and his law partner could offer "additional information relating to the scope of his representation of" plaintiff. Based on these failures to comply with the requirements of Rule 191(b), we cannot say that that the trial court was unreasonable in denying the motion to stay briefing to allow depositions.

¶ 38    Moreover, in exercising its discretion as to whether plaintiff was entitled to discovery, the trial court could consider all relevant circumstances, including the long history of plaintiff's litigation against defendant. It was not unreasonable for the trial court to deny plaintiff's effort to prolong litigation, where he failed to specify what further discovery might reveal. We cannot say that no reasonable person would agree with the trial court's decision to deny plaintiff's Rule 191 motion. Thus, we reject plaintiff's claim of error with respect to that ruling.

¶ 39    We now turn to a review of plaintiff's challenge to the trial court's entry of summary judgment. Plaintiff's appellate brief presents two main arguments with respect to that ruling. First, he claims that the trial court erred in applying either the doctrine of collateral estoppel or *res judicata*, based on our December 2013 order affirming the dismissal of his prior action against Chuhak. He argues that neither doctrine is applicable because our December 2013 decision did not actually determine whether Chuhak committed legal malpractice. Plaintiff otherwise claims that, even if collateral estoppel applied to his allegations that defendant was

negligent in representing him in the prior lawsuit against Chuhak, he has raised issues of fact regarding other alleged negligent acts by defendant that were *outside* the scope of his representation of plaintiff in the prior action against Chuhak.

¶ 40 We first note the applicable standard of review. "Summary judgment is appropriate 'if the pleadings, depositions, and admissions on file, *** show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citations.]" *Morrissey v. Arlington Park Racecourse, LLC*, 404 Ill. App. 3d 711, 724 (2010). "In ruling on a motion for summary judgment, the court must construe the pleadings, depositions, and affidavits in the light most favorable to the nonmoving party." *Crichton*, 358 Ill. App. 3d at 1144. An order granting summary judgment is reviewed *de novo. Id.* Further, we note that "[o]n appeal, a reviewing court may affirm the trial court's ruling for any reasons supported by the record regardless of the basis relied upon by the trial court." *Pekin Insurance Co. v. AAA-1 Masonry & Tuckpointing, Inc.*, 2017 IL App (1st) 160200, ¶ 21.

¶ 41 We address plaintiff's argument that summary judgment was improper because the circuit court "incorrectly gave *res judicata* effect" to our December 2013 order "on a distinct issue not previously pled." He emphasizes that, in the prior lawsuit against Chuhak, he did not specifically plead a legal malpractice claim against Chuhak. He reasons: "Because legal malpractice was never alleged against [Chuhak] there was never a ruling on the merits as to whether [Chuhak] committed legal malpractice," and thus there could not be "claim preclusion" in this case. Plaintiff similarly claims that collateral estoppel cannot apply because he "never had a full and fair opportunity to prove legal malpractice by [Chuhak]" in the prior action because it was not alleged in the underlying lawsuit. He argues that our December 2013 order only held that he did not *allege* a claim for malpractice but that it "did not find plaintiff could not *possibly*

14

*assert* a claim for legal malpractice" against Chuhak. Plaintiff also asserts that our December 2013 decision did not find that he suffered no damages but merely decided "what was pled rather than settling any factual question." Thus, he claims that there was no identical issue decided in the prior case that would support collateral estoppel. Plaintiff alternatively argues that, even if the threshold elements of collateral estoppel were present, the circuit court should have exercised its discretion to forgo application of the doctrine, in order to prevent unfairness to him.

¶ 42    We note that, although plaintiff's brief uses the terms *res judicata* and collateral estoppel interchangeably, *res judicata* would not apply in this matter because the parties in the prior action (plaintiff and Chuhak) were not identical to the parties in the present action (plaintiff and defendant). See *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (one of the requirements of *res judicata* is that "the parties or their privies are identical in both actions"). Indeed defendant's brief does not attempt to argue that the trial court's ruling was based on *res judicata*.

¶ 43    Rather, collateral estoppel is the preclusion doctrine at issue in this appeal. "Collateral estoppel is an equitable doctrine, also referred to as issue preclusion, which 'promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions.' [Citation.] It applies when some controlling fact or question material to the determination of both causes has been adjudicated against the party in the former suit by a court of competent jurisdiction. [Citation.]" *Prospect Development, LLC v. Kreger*, 2016 IL App (1st) 150433, ¶ 32.

¶ 44    "The minimum threshold requirements for the application of collateral estoppel are: (1) the issue decided in the prior adjudication is *identical* with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

15

[Citations.] Application of the doctrine of collateral estoppel must be narrowly tailored to fit the precise facts and issues that were clearly determined in the prior judgment. [Citation.]" (Emphasis in original.) *Nowak v. St. Rita High School*, 197 Ill. 2d 381, 390-91 (2001). "In deciding whether the doctrine of collateral estoppel is applicable in a particular situation, a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case. In determining whether a party has had a full and fair opportunity to litigate an issue in a prior action, those elements which comprise the practical realities of litigation must be examined. [Citation.]" *Id.*

¶ 45    In this case, there is no dispute that two of the three threshold elements are present: our December 2013 order was a final judgment on the merits in plaintiff's prior lawsuit against Chuhak, and plaintiff was a party to that adjudication. The sole disputed element is whether our prior order decided an issue that is *identical* to one presented in this case. Plaintiff essentially argues that there is no identical issue, because our prior order merely decided that he had not *pleaded* elements of a legal malpractice claim against Chuhak in that action but we did not decide as a factual matter that Chuhak had not *committed* legal malpractice.

¶ 46    We are not persuaded by plaintiff's argument on this point. We acknowledge that our December 2013 order did not decide whether or not Chuhak was actually negligent. That is, we did not decide whether Chuhak breached any duties to plaintiff in connection with its representation of plaintiff in the underlying will contest. However, our prior order thoroughly discussed and decided an identical issue that is relevant to this case, namely, plaintiff's ability to prove damages resulting from Chuhak's alleged negligence. Our prior order discussed and decided that plaintiff could not establish damages, *regardless of whether Chuhak was actually negligent* in representing him. That same element of damages is necessary in his current case

16

against defendant, since the newer action arises directly from Chuhak's prior representation of plaintiff.

¶ 47    We acknowledge that, in the prior action against Chuhak, plaintiff's complaint did not specifically plead a count for legal malpractice. Instead, he pleaded that Chuhak's acts or omissions constituted a breach of fiduciary duty or a breach of contract. Significantly, however, he explicitly argued on appeal that his breach of fiduciary duty allegations otherwise stated a claim for malpractice. Further, as explained in our December 2013 order, for plaintiff to recover under *either* theory of liability, he would have to prove damages resulting from Chuhak's alleged failures in representing him. Thus, we find that the damages element is identical in the former and present actions, for purposes of collateral estoppel.

¶ 48    Our December 2013 order found that plaintiff could not prove damages, whether pleaded under *either* breach of fiduciary duty or legal malpractice, as he could not establish that he would have received a larger settlement in the will contest dispute, even if Chuhak had acted differently in representing him. See *Abramson*, 2013 IL App (1st) 121842-U, ¶ 40 (agreeing that "plaintiff's beliefs as to the value of the estate and that he could have obtained a more favorable settlement constituted mere speculation"). In other words, we found that plaintiff could not show that any negligence by Chuhak proximately resulted in a lower settlement amount.

¶ 49    The same showing of damages would also be a prerequisite to recovery in his current action against defendant, as his claims in this case are wholly derivative of his claim that Chuhak's negligence deprived him of a more favorable settlement in the prior action. As plaintiff's appellate brief acknowledges, "defendant's failure to allege a claim for legal malpractice against [Chuhak] is the gravamen of Plaintiff's claims." This is made clear by the allegations of his complaint, which faults defendant for failing to allege facts showing Chuhak's

malpractice in the will contest, including that Chuhak "fail[ed] to discover the actual value of the estate" before recommending the settlement. Similarly, plaintiff pleads that his damages in this case include "the amount he should have received in the underlying will contest"—in other words, that he should have received more than what he settled for. Thus, plaintiff's ability to recover any damages from defendant depends upon establishing that defendant could have proven Chuhak's liability to plaintiff for legal malpractice—which, in turn, would require proof of damages resulting from Chuhak's negligence in the prior representation.

¶ 50    This case thus raises the same fundamental damages problem discussed in our 2013 order. To recover in this case, plaintiff would be required to show that he would have gotten a larger settlement in the will contest, had Chuhak acted differently. See *id.* ¶ 40 ("A malpractice action related to an allegedly poor settlement is only allowed where it can be shown that the plaintiff had to settle for a lesser amount than she could reasonably expect without the malpractice. [Citation.]" (Internal quotation marks omitted.)) Our prior order found that, whether he brought a breach of fiduciary duty claim or a legal malpractice claim, plaintiff could not prove, without speculation, that he would have gotten a better settlement but for Chuhak's conduct. Plaintiff would face the very same barrier regarding proof of damages in this case against defendant. Thus, our prior order decided an identical issue that would also be dispositive of this issue in the current action, thereby fulfilling the threshold requirements for collateral estoppel.

¶ 51    We briefly address plaintiff's separate argument that, even if the threshold requirements for collateral estoppel are met in this case, the trial court should have exercised its discretion to forgo applying the doctrine, out of concerns for fairness to plaintiff. Plaintiff claims that "it is wholly unfair to allow Defendant to claim as his defense essentially that this Court already found

he failed to plead malpractice which is exactly what [plaintiff] claims defendant failed to do or warn him about." Plaintiff argues that this "circular reasoning *** if affirmed would allow negligent attorneys to escape liability in any case where they fail to plead a cause of action."

¶ 52    We reject this argument. For the reasons explained, we do not find any unfairness in applying collateral estoppel in this case. Plaintiff fails to articulate how he can avoid the conclusion that he cannot prove damages from Chuhak's conduct, as we clearly discussed in our December 2013 order. Nothing in his submissions in the trial court or this court regarding the instant case suggests that he could escape this bar to recovery. This holds true even if he could eventually prove some sort of breach of duty by defendant or Chuhak. Under these circumstances, further litigation does not serve the interests of fairness or judicial economy. Thus, we find no error with respect to the trial court's application of the doctrine of collateral estoppel.

¶ 53    Having found that collateral estoppel was properly applied, we address plaintiff's second line of argument challenging entry of summary judgment. Plaintiff argues that, even if collateral estoppel applied to *some* of his claims against defendant, summary judgment was improper "because the court impermissibly decided disputed issues of fact as to defendant's breach of duties for work performed and advice given outside the limited scope of engagement." Plaintiff submits that, even if collateral estoppel applied to allegations regarding defendant's handling of the prior lawsuit against Chuhak, "that does not dispose of Plaintiff's claim regarding advice given in other matters," as his lawsuit against defendant encompasses other negligent acts. Plaintiff argues that, apart from defendant's alleged errors in the action against Chuhak, he has additionally "generally allege[d] negligence" by defendant "on numerous issues outside of his claimed scope of representation." Among these, plaintiff claims that defendant incorrectly

advised plaintiff with respect to the time limit in which he could attempt to vacate the June 2009 settlement agreement and that defendant continued to advise plaintiff in dealings with his father after the settlement. He claims: "But for [defendant]'s negligen[t] acts of (1) not vacating the underlying settlement or advising [plaintiff] of the limitation; and (2) recommending [plaintiff] take a very aggressive approach dealing with his father" there would not have been subsequent litigation with his father. Thus, plaintiff complains that the trial court's entry of summary judgment "summarily disposed of numerous questions of fact raised in the complaint, detailed in response to summary judgment, and which Plaintiff repeatedly requested leave to highlight in a timely filed amended complaint."

¶ 54    The fundamental problem with this argument (as recognized by the trial court and defendant) is that such allegations are simply not pleaded in the complaint. That pleading is based on defendant's failure to make certain allegations against Chuhak in the prior lawsuit. Again, we note that plaintiff's brief acknowledges that "Defendant's failure to allege a claim for legal malpractice against [Chuhak] is the gravamen of Plaintiff's claim." Unlike his appellate brief, plaintiff's complaint is devoid of any allegation that defendant negligently advised him about the time in which he could seek to vacate the settlement agreement, or that he negligently advised plaintiff about communications with his father, after the settlement agreement.

¶ 55    Plaintiff raised such allegations in his brief opposing defendant's motion for summary judgment. However, a response to a motion for summary judgment is not the proper vehicle to assert new factual allegations that should have been included in the underlying complaint. "When ruling on a motion for summary judgment, the trial court looks to the pleadings to determine the issues in controversy. [Citation.] If a plaintiff desires to place issues in controversy that were not named in the complaint, the proper course of action is to move to amend the

complaint. [Citation.]" *Filliung v. Adams*, 387 Ill. App. 3d 40, 51 (2008). Clearly, the trial court could not deny summary judgment upon unpleaded theories of legal malpractice that were raised, for the first time, in opposition to the motion for summary judgment. Thus, we reject plaintiff's suggestion that he raised issues of fact precluding summary judgment. Accordingly, we affirm the trial court's entry of summary judgment.

¶ 56    Finally, we address plaintiff's claim that the trial court abused its discretion in denying plaintiff's oral request to amend the complaint, immediately after the trial court ruled that it would grant defendant's motion for summary judgment. Plaintiff recognizes the relevant factors in reviewing the denial of a motion to amend, including whether the amendment cures defects in the original pleading. See *Loyola Academy*, 146 Ill. 2d at 273. He asserts that his "proposed amendment would have pled *** that [defendant] did significant negligent work for [plaintiff] outside the alleged scope of the engagement" that would "support a judgment for [plaintiff] even if Plaintiff was collaterally estopped from pursuing a claim within the alleged scope of the representation." Thus, he claims that his amended pleading would have corrected any defect found in the prior complaint. However, plaintiff simply did not provide the trial court with any proposed amended complaint from which it could determine whether the *Loyola Academy* factors were met. Thus, we cannot find that the trial court abused its discretion in denying plaintiff's request for amendment after it issued its summary judgment ruling.

¶ 57    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 58    Affirmed.