2020 IL App (1st) 200352-U
Order filed: October 16, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-20-0352

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JOHN LAAKE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 17 M4 7463 |
| | ) | |
| LATE BAR, | ) | Honorable |
| | ) | Kevin T. Lee, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the grant of summary judgement in favor of defendant, where there was no issue of material fact with respect to the sole, specifically alleged claim of defamation contained in the third amended complaint, and all other claims were forfeited by plaintiff.

¶ 2    Plaintiff-appellant, John Laake, appeals from an order awarding summary judgment in favor of defendant-appellee, Late Bar. For the following reasons, we affirm.[1]

¶ 3    Plaintiff filed his initial *pro se* complaint in December 2017. Therein, plaintiff alleged that he had been a patron of Late Bar for many years until December 17, 2016, when he was denied

_____

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

entry by the doorman on the basis of a claim made by Lisa Marchese, the manager of Late Bar, that plaintiff was a "drug dealer" that was "soliciting LCD." Claiming these statements were false, plaintiff's complaint sought to recover damages for defamation. After the initial complaint and several successive complaints alleging various alternative claims were dismissed by the circuit court, the operative third amended *pro se* complaint was filed in April 2019.

¶ 4    Therein, plaintiff asserted a single, specific assertion of defamation against Late Bar. Plaintiff specifically alleged:

> "This particular incident of slander was spread against Plaintiff LAAKE by Lisa Marchese, in her capacity as the manager of Defendant LATE BAR. This slander and defamation transpired at the LATE BAR establishment. Specifically, in this incident, on August 25, 2018, Lisa Marchese approached Gail Kilker and told her not to work with LAAKE as he 'laces drinks with the intent to rape women,'—thus destroying a business agreement between LAAKE and Kilker for $65,000."

Plaintiff further asserted that Kilker was "ready, willing and able to testify on behalf of the Plaintiff in court."

¶ 5    In addition to those specific allegations with respect to the incident involving Kilker, the third amended complaint also more generally asserted as follows:

> "Other witnesses who have first-hand knowledge of similar slanders are, namely: Mike McKinstry, Ashley Lyn and Peter Webb, who are available to testify at trial. These three people can testify that Lisa Marchese interacted with them as manager of LATE BAR with slanders against Plaintiff LAAKE."

¶ 6    Finally, the third amended complaint generally asserted that plaintiff was entitled to recover damages, including punitive damages, for Late Bar's willful and wanton conduct in inflicting "extreme mental and emotional distress."

¶ 7    Late Bar filed an answer, in which it generally denied the material allegations of the third amended complaint. Thereafter, Late Bar took plaintiff's deposition in October 2019. In his deposition, plaintiff admitted that he: (1) was not present when the August 25, 2018, statement was purportedly made to Kilker, did not know what time it occurred, and did not know who was present at the time, and (2) did not know how to contact Kilker, she was unlikely to testify on behalf of plaintiff, and therefore Kilker should be barred from testifying at trial. In light of the second admission, an order was entered following an October 15, 2019, status hearing in which the court concluded: "Plaintiff is unable to produce Gail Kilker as a witness in this matter and parties agree that Gail Kilker shall be barred as a witness in this matter."

¶ 8    Late Bar filed a motion for summary judgment in January 2020. Therein, Late Bar argued it was entitled to summary judgment on the third amended complaint because: (1) the complaint only contained a single, specific claim of defamation with respect to the August 25, 2018, statement to Kilker, (2) plaintiff admitted in his deposition that he was not present when the August 25, 2018, statement was purportedly made to Kilker, did not know what time it occurred, and did not know who was present at the time, and (3) in light of plaintiff's own admission that he could not produce Kilker as a witness and the circuit court's order barring her from testifying, plaintiff was simply unable to offer any evidence in support of his claim. The third amended complaint, plaintiff's deposition, and the circuit court's October 15, 2019, order were attached to the motion as exhibits.

¶ 9    In his written response, plaintiff acknowledged that Kilker had "no current relevance to this case." However, plaintiff also attached the transcript of the deposition of Marchese, taken in December 2019, wherein she admitted she had discussed the allegations against plaintiff with Late Bar staff, which plaintiff claimed constituted additional instances of defamation. Plaintiff identified 12 such employees, none of whom were among the three individuals specifically identified in the third amended complaint itself; Mike McKinstry, Ashley Lyn, and Peter Webb. The deposition testimony revealed none of these three individuals were Late Bar employees. Plaintiff also noted that he had an outstanding subpoena to obtain the deposition of Late Bar's doorman, Paul Wodarczyk. In light of these factors, plaintiff asked that the motion for summary judgment be denied.

¶ 10    In its written reply in support of its motion, Late Bar cited to plaintiff's admission that Kilker was irrelevant and the order barring her from testifying, and reiterated its argument that the allegations regarding her were the "only allegation of defamation" contained in the third amended complaint. On this basis, Late Bar asked the circuit court to grant its motion for summary judgment.

¶ 11    The circuit court did just that in a written order entered on February 18, 2020. Therein, the court summarized the arguments and the evidence discussed above. The court additionally noted that in her deposition, Marchese testified that she did not know who Kilker was and specifically stated that she had never discussed plaintiff with anyone but Late Bar staff. The court's order specifically found that plaintiff's third amended complaint focused solely on the statement to Kilker, and concluded: "Without the testimony of Ms. Kilker, Plaintiff cannot establish that Ms. Marchese made this statement to Ms. Kilker. Plaintiff cannot show facts that establish Defendant published the alleged defamatory statement to a third party. Therefore, Plaintiff cannot show

evidentiary facts to establish each element of defamation and Defendant's Motion for Summary Judgment is granted." Plaintiff timely appealed.

¶ 12    On appeal, we first address several preliminary issues.

¶ 13    First, in both the written response to the motion to dismiss filed below and in his briefs on appeal, plaintiff contends that summary judgment should not have been granted in favor of Late Bar while discovery was still ongoing. On appeal, he specifically cites to the then outstanding subpoena to obtain the deposition of Late Bar's doorman, Paul Wodarczyk, and his desire to depose some of Late Bar's other employees. However, Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) specifies the procedure to be followed where additional discovery is needed with respect to summary judgment proceedings. That rule generally requires a party seeking additional evidence in order to respond to a motion for summary judgment to file an affidavit identifying the specific people that need to be deposed and the specific testimony it is believed would be produced. *Id*. Plaintiff filed no such affidavit, nor did he make any other effort to comply with these requirements, and " '[f]ailure to comply with Rule 191(b) defeats an objection on appeal that insufficient time for discovery was allowed.' " *Olive Portfolio Alpha, LLC v. 116 W. Hubbard St., LLC*, 2017 IL App (1st) 160357, ¶ 23 (quoting *Giannoble v. P&M Heating & Air Conditioning, Inc.*, 233 Ill.App.3d 1051, 1064 (1992)).

¶ 14    Second, we note again that while Late Bar's motion for summary judgment and the circuit court's analysis in granting that motion focused solely on the alleged defamatory statement to Kilker, the third amended complaint also included more generalized assertions of "similar slanders" to which Adam McKinstry, Ashley Lyn, and Peter Webb, none of whom were Late Bar employees, could testify. It also included general allegations that Late Bar engaged in willful and wanton conduct in inflicting "extreme mental and emotional distress." While it could be argued

that summary judgment with respect to the entire third amended complaint was improper where these other claims were not addressed in either Late Bar's motion or the circuit court's order, the fact is that plaintiff never did so in the written response he filed below. Because he never challenged the entry of summary judgment with respect to these other claims below, we find them to have been forfeited. *Bank of New York Mellon v. Rogers*, 2016 IL App (2d) 150712, ¶ 72 ("It is well settled that issues not raised in the trial court are forfeited and may not be raised for the first time on appeal."); *Grainger v. Harrah's Casino*, 2014 IL App (3d) 130029, ¶ 32 (arguments not raised in response to motion for summary judgment are forfeited).

¶ 15 What plaintiff has argued, both below and again on appeal, is that summary judgment in favor of Late Bar was improper because Marchese admitted that she discussed the allegations against plaintiff with Late Bar staff, which plaintiff claims may have been up to 12 individuals. However, there are no allegations with respect to these statements within the third amended complaint. Rather, the complaint only generally alleges that Marchese "interacted with" Mike McKinstry, Ashley Lyn, and Peter Webb, none of whom were Late Bar employees, "with slanders against Plaintiff LAAKE."

¶ 16 When ruling on a motion for summary judgment, the trial court looks to the pleadings to determine the issues in controversy. [Citation.] If a plaintiff desires to place issues in controversy that were not named in the complaint, the proper course of action is to move to amend the complaint." *Abramson v. Marderosian*, 2018 IL App (1st) 180081, ¶ 55 (quoting *Filliung v. Adams*, 387 Ill. App. 3d 40, 51 (2008)). Because plaintiff never sought to amend his complaint to include any allegations with respect to Marchese's statements to other Late Bar employees, these statements were simply not placed at issue, and this evidence does not create a genuine issue of material fact such that summary judgment was improper.

¶ 17    Next, in his appellate brief, plaintiff makes a new assertion that Late Bar's actions also violated the Illinois Uniform Deceptive Trade Practices Act. 815 ILCS 510/1, *et seq.* (West 2018). Once again, "issues not raised in the trial court are forfeited and may not be raised for the first time on appeal." *Rogers*, 2016 IL App (2d) 150712, ¶ 72.

¶ 18    Finally, plaintiff also attempts to buttress his arguments on appeal by citation to two letters attached to his opening brief. However, these letters were not presented before the circuit court and were therefore not included in the record on appeal. Therefore, we will not consider those documents in our review. *Jackson v. South Holland Dodge, Inc*., 197 Ill. 2d 39, 55 (2001) (documents not submitted to the circuit court and not properly a part of the record on appeal cannot be considered on appeal).

¶ 19    We are thus left to consider the only remaining issue before us; whether the circuit court properly granted summary judgement in favor of Late Bar with respect to the third amended complaint's claim of defamation with respect to the alleged August 25, 2018, statement to Kilker.

¶ 20    Summary judgment is properly granted where the pleadings, depositions, and admissions on file, together with any affidavits, indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2018). Although a drastic means of disposing of litigation, summary judgment is, nonetheless, an appropriate measure to expeditiously dispose of a suit when the moving party's right to the judgment is clear and free from doubt. *Gaston v. City of Danville*, 393 Ill. App. 3d 591, 601 (2009). We review the grant of summary judgment *de novo*. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 23.

¶ 21    Although the common law originally distinguished between spoken and written defamation (slander and libel, respectively), in Illinois the same standard applies whether an allegedly

defamatory statement is spoken or written. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 89 (1996). To establish either slander or libel, a plaintiff must show that: (1) defendant made a false statement concerning plaintiff; (2) there was an unprivileged publication of the defamatory statement by defendant to a third party; and (3) plaintiff was damaged. *Stavros v. Marrese*, 323 Ill. App. 3d 1052, 1057 (2001).

¶ 22    As an initial matter, we note again that in the written response to the motion for summary judgment he filed below, plaintiff himself acknowledged that Kilker had "no current relevance to this case." "The doctrines of invited error, waiver and judicial estoppel prevent a party from taking one position at trial and a different position on appeal." *Board of Education of Woodland Community Consolidated School District 50 v. Illinois State Charter School Comm'n*, 2016 IL App (1st) 151372, ¶ 40. We would therefore affirm on this basis, even if summary judgment was not otherwise proper with respect to the allegations regarding Kilker.

¶ 23    That issue aside, we conclude that it was entirely proper to award summary judgement in favor of Late Bar with respect these allegations. The very first element plaintiff was required to show in order to establish his claim of defamation is that Late Bar made a false statement concerning him. *Marrese*, 323 Ill. App. 3d at 1057. The third amended complaint alleged that Late Bar did so when "on August 25, 2018, Lisa Marchese [Late Bar's manager] approached Gail Kilker and told her not to work with LAAKE as he 'laces drinks with the intent to rape women.' "

¶ 24    However, we note again that: (1) Kilker was barred from testifying by the agreement of the parties, (2) plaintiff admitted in his deposition that he was not present when the August 25, 2018, statement was purportedly made to Kilker, did not know what time it occurred, and did not know who was present at the time, and (3) Marchese testified that she did not know who Kilker was and specifically stated that she had never discussed plaintiff with anyone but Late Bar staff. On this

record, it is clear that summary judgment was properly granted in favor of Late Bar. There was simply no evidence available to support plaintiff's allegations regarding Kilker, there was thus no genuine issue of material fact, and Late Bar was entitled to judgment as a matter of law. 735 ILCS 5/2–1005(c) (West 2018).

¶ 25　For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 26　Affirmed.