NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 200036-U

NO. 4-20-0036

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 30, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| MICHELLE L. ZYTNIOWSKI and MICHAEL A. ZYTNIOWSKI SR., | ) ) | Appeal from the Circuit Court of |
| Petitioners-Appellants, | ) | Ford County |
| v. | ) | No. 19F15 |
| MICHAEL BROWELL and CORTNEY TOLLIVER, | ) | |
| Respondents-Appellees. | ) | Honorable |
| | ) | Matthew John Fitton, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed where petitioners forfeited their claim that the trial court abused its discretion by granting respondents' motion to dismiss petitioners' complaint with prejudice.

¶ 2    Petitioners, Michelle L. Zytniowski and Michael A. Zytniowski Sr., appeal the trial court's dismissal of their petition to establish grandparent visitation filed pursuant to section 602.9(c) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/602.9(c) (West 2018)) for failing to allege an unreasonable denial of visitation by a parent which caused the minor undue mental, physical, or emotional harm.

¶ 3    On appeal, petitioners argue the trial court abused its discretion by granting respondents' motion to dismiss the petition with prejudice without first granting petitioners leave to file an amended complaint. We affirm.

¶ 4                                    I. BACKGROUND

¶ 5            Respondents, Michael Browell and Cortney Tolliver, are the biological parents of the minor child, K.B. Respondents do not reside together and "have been separated in excess of nine years." Petitioner Michelle L. Zytniowski is Browell's mother and the paternal grandmother of K.B. She resides with her husband, Michael A. Zytniowski Sr., in Wisconsin.

¶ 6            In December 2012, the circuit court in Walworth County, Wisconsin, entered an order appointing petitioners as K.B.'s guardians in Walworth County case No. 12-GN-64, finding respondents "unable to care for her."

¶ 7            In May 2016, the circuit court in Walworth County case No. 12-GN-64, entered a written order "to hold open Ms. Tolliver's Petition to Terminate Guardianship and stay the hearing for six months, without prejudice." The court found "[t]hat the Guardianship of the Minor shall terminate and an Order Granting Ms. Tolliver's Petition will be entered *** on November 2, 2016, unless [petitioners] file a written request with the Court for further proceedings," which petitioners did not do.

¶ 8            In July 2019, petitioners filed the instant petition to establish grandparent visitation pursuant to section 602.9(c) of the Marriage Act (750 ILCS 5/602.9(c) (West 2018)), seeking an order granting them visitation with K.B. The petition alleged Tolliver unilaterally "precluded Petitioners from seeing the minor child *** which has impaired the minor child's mental health and well-being" and Tolliver's "continued denial of contact between Petitioners and the minor child continues to cause undue emotional harm on the minor child ***."

¶ 9            In September 2019, respondents filed a motion to dismiss the petition for grandparent visitation pursuant to sections 2-615(a) and 2-619(a)(9) of the Code of Civil

Procedure (Code) (735 ILCS 5/2-615(a), 2-619(a)(9) (West 2018)). Respondents argued petitioners failed to allege sufficient facts to support their claim, stating:

> "Petitioners present no allegation that Ms. Tolliver is an unfit parent, and have plead [*sic*] no facts whatsoever that would tend to indicate such. Furthermore, Petitioners have failed to present any facts whatsoever that tend to even hint at any type of mental, physical, or emotional harm to the minor child other than just saying so."

Because petitioners failed to plead any facts "to suggest that an unreasonable denial of visitation has taken place," respondents urged the trial court to dismiss the petition for grandparent visitation with prejudice.

¶ 10 In October 2019, the trial court conducted a hearing on respondents' motion to dismiss. No transcript of the hearing appears in the record. In lieu of the transcript, the parties submitted an agreed statement of facts. According to the agreed statement, "no evidence was tendered to the Court *** but rather oral arguments were made by the respective attorneys as to the sufficiency of the pleadings," and "no objections were raised at any point by either [party] during oral arguments." Following the parties' oral arguments, the court took the matter under advisement.

¶ 11 In December 2019, the trial court issued a written order granting respondents' motion to dismiss the petition for grandparent visitation with prejudice. The court indicated it considered the parties' arguments, filings, and the appropriate statutes and concluded:

> "Petitioners have not alleged that Respondent is an unfit parent and the Court is not in receipt of any facts that show Respondent to be unfit. Petitioner's [*sic*] also have not presented evidence that show[s] mental, physical, or emotional harm to

the child and it is unrebutted by Petitioner's [*sic*] that Respondent has allowed contact with the child via telephone and text messages."

¶ 12       This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14       On appeal, petitioners argue the trial court abused its discretion by dismissing the petition for grandparent visitation with prejudice without first granting petitioners leave to file an amended complaint.

¶ 15       Respondents assert the trial court properly dismissed the petition, arguing petitioners forfeited their argument on appeal because petitioners failed to comply with Illinois Supreme Court Rules 341 (eff. May 25, 2018) and 342 (eff. Oct. 1, 2019). Respondents further assert petitioners forfeited appellate review of the trial court's judgment by failing to (1) request leave to amend or (2) file a proposed amended complaint.

¶ 16                              A. Briefs

¶ 17       Respondents assert petitioners forfeited review of their argument on appeal by failing to comply with Rules 341 and 342. Respondents' argument is well-taken, and petitioners' brief does violate portions of Illinois Supreme Court Rule 341(h) (eff. May 25, 2018), as well as Illinois Supreme Court Rule 342 (eff. Oct. 1, 2019), which addresses the requirements for the appendix to the brief. Petitioners' brief lacks an appendix, thus depriving this court of a table of contents to the record on appeal, which may have assisted us in determining the merits of this appeal. Applying the doctrine of forfeiture to petitioners' argument on appeal is a drastic measure, and we decline to do so. However, if the violation of the supreme court rules significantly hampers our ability to review an issue, then we will apply forfeiture to that issue. See *Trilisky v. City of Chicago*, 2019 IL App (1st) 182189, ¶ 54, 143 N.E.3d 925 (noting the

failure to elaborate on an argument, cite persuasive authority, or present a well-reasoned theory as required by Rule 341 can cause a party to forfeit consideration of the issue); *Wolfe v. Menard, Inc.*, 364 Ill. App. 3d 338, 348, 846 N.E.2d 605, 613 (2006) (stating points not argued will be deemed forfeited).

¶ 18                                B. Dismissal With Prejudice

¶ 19         Petitioners argue the trial court abused its discretion by dismissing the petition for grandparent visitation with prejudice without first granting petitioners leave to file an amended complaint. In determining whether a petitioner should be granted leave to amend the complaint, we consider "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16 (1992). "To be entitled to an order granting leave to amend, a party must meet all four *Loyola* factors." *Devyn Corp. v. City of Bloomington*, 2015 IL App (4th) 140819, ¶ 89, 38 N.E.3d 1266. We will not overturn the court's decision to dismiss the complaint with prejudice absent an abuse of discretion. See *Loyola*, 146 Ill. 2d at 273-74.

¶ 20         Respondents maintain petitioners forfeited appellate review of the trial court's judgment by failing to request leave to amend or file a proposed amended complaint with the court. "A plaintiff's failure to tender a proposed complaint significantly diminishes a court's ability to analyze the appropriate factors for determining whether leave should be granted as the existence of a proposed amendment is implicit in the first three factors." *Sellers v. Rudert*, 395 Ill. App. 3d 1041, 1054-55, 918 N.E.2d 586, 597 (2009). "In fact, this court has held a plaintiff's

failure to tender the proposed amendment to the trial court forfeits review of the trial court's decision." *Rudert*, 395 Ill. App. 3d at 1055; see also *Illinois Non-Profit Risk Management Ass'n v. Human Service Center of Southern Metro-East*, 378 Ill. App. 3d 713, 726, 884 N.E.2d 700, 712 (2008) ("The failure to tender the proposed amendment forfeits review of the trial court's decision.").

¶ 21    Having been faced with a motion to dismiss pursuant to sections 2-615(a) and 2-619(a)(9) of the Code (735 ILCS 5/2-615(a), 619(a)(9) (West 2018)), petitioners simply waited until the trial court ruled instead of tendering a proposed amended complaint or filing a response thereto. Petitioners never sought leave to amend and failed to provide a proposed amended complaint with supporting facts to the trial court or this court. As a result, we honor petitioners' forfeiture.

¶ 22                            III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the trial court's judgment.

¶ 24    Affirmed.