**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210115-U

Order filed June 24, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| PHILIP M. KISS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0115 |
| | ) | Circuit No. 18-L-1034 |
| OLD RENWICK TRAIL HOMEOWNERS | ) | |
| ASSOCIATION, INC., and ELLEN | ) | |
| SHELDON, | ) | Honorable |
| | ) | Roger D. Rickmon, |
| Defendants-Appellees. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Presiding Justice O'Brien and Justice Daugherity concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*: (1) Trial court properly dismissed plaintiff's third amended complaint for defamation and false light invasion of privacy where statements made by board member were protected by qualified privilege; and
(2) Trial court did not abuse its discretion in denying plaintiff's request for leave to amend his complaint.

¶ 2    Plaintiff, Philip M. Kiss, appeals from a Will County Circuit Court order dismissing his third amended complaint alleging defamation and breach of contract by defendants, Old Renwick Trail Homeowners Association, Inc. (Old Renwick), and Ellen Sheldon. On appeal, plaintiff argues

that: (1) the trial court erred in dismissing his third amended complaint where defendants' section 2-619.1 motion was not supported by affidavit; and (2) the trial court abused its discretion in denying him leave to amend. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        Kiss acted as Old Renwick's attorney and managed the homeowners association from June 2010 to January 2016. On January 18, 2016, he received notice relieving him of his duties.

¶ 5        On November 30, 2017, Old Renwick held a board meeting, which was posted on its website and YouTube. Four board members were present, including defendant Ellen Sheldon, as well as several members of the homeowners association. During the meeting, Sheldon stated, "I don't want a person who comes to a homeowners meeting drunk managing our … association and he came drunk in 2015." In response to a question asking how she knew Kiss was drunk, Sheldon said, "Because he stood right at my face and he breathed at my face which was unbelievable[.] I wanted to pass out. And he could not speak clearly. So Chris, the man did not belong managing us[.] [T]hank God he's not anymore."

¶ 6        Kiss filed a complaint against both Old Renwick and Sheldon, alleging defamation and false light invasion of privacy. Defendants moved to dismiss the complaint under section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)), arguing, in part, that Sheldon's statements were not actionable because they were protected by a qualified privilege. The trial court granted defendants' motion, dismissing the complaint without prejudice and granting Kiss leave to amend.

¶ 7        Kiss filed an amended complaint adding a breach of contract claim (count I) against Old Renwick. As in the previous complaint, Kiss alleged defamation (counts II and III) and false light (counts IV and V) against both defendants. Defendants filed a section 2-619.1 motion to dismiss,

again asserting that the statements were not actionable and that a qualified privilege applied. The trial court granted the motion but allowed Kiss to replead the defamation and false light counts against Sheldon.

¶ 8        Kiss's second amended complaint repled count I against Old Renwick for breach of employment contract, as well as claims for defamation and false light against Sheldon. Defendants filed another motion to dismiss, repeating their earlier arguments. They also claimed that count I should be dismissed on *res judicata* grounds because Kiss had filed a separate small claims action alleging breach of employment contract against Old Renwick, which had been dismissed. The trial court granted defendants' motion to dismiss without prejudice and allowed Kiss leave to amend.

¶ 9        Kiss's third amended complaint again asserted the breach of employment contract claim against Old Renwick (count I) and the defamation and false light counts against Sheldon (counts II and III). Defendants filed another section 2-619.1 motion to dismiss, claiming that Sheldon's statements were protected by a qualified privilege and that count I was barred by *res judicata*. In his opposing response, Kiss voluntarily dismissed his breach of contract claim but maintained that he properly pled his remaining counts. The trial court granted defendants' motion and dismissed counts II and III with prejudice. Kiss filed a motion to reconsider requesting leave to amend, which the trial court denied.

¶ 10                               II. ANALYSIS

¶ 11        Kiss contends that the trial court erred in dismissing his claims for defamation and false light invasion of privacy. He also claims that the trial court erred in dismissing his third amended complaint without allowing him to amend the pleading.

¶ 12                          A. Standard of Review

3

¶ 13    Section 2-619.1 of the Code allows a party to combine a section 2-615 motion to dismiss with a section 2-619 motion to dismiss. 735 ILCS 5/2-619.1 (West 2020). A section 2-615 motion tests the legal sufficiency of a pleading, while a section 2-619 motion admits the legal sufficiency of the complaint but asserts that it is defeated by an affirmative matter. *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21.

¶ 14    To defeat a section 2-615 motion, the nonmovant must plead specific facts to support a claim. See *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Under Illinois' fact-pleading standard, a plaintiff cannot simply rely on conclusions of law or fact unsupported by specific factual allegations. *Johnson v. Matrix Financial Services Corp.*, 354 Ill. App. 3d 684, 688 (2004). A dismissal for failure to state a claim is appropriate where it is "clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Wilson v. County of Cook*, 2012 IL 112026, ¶ 14. Under section 2-619(a)(9), dismissal is warranted if the face of the pleading or supporting affidavit show that the claim is barred by other affirmative matters avoiding the legal effect of the claim, such as a privilege. 735 ILCS 5/2-619(a)(9) (West 2020); see also *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 23. Our review of a combined section 2-619.1 motion to dismiss is *de novo*. *Bjork*, 2013 IL 114044, ¶ 21.

¶ 15                              B. Defamation and False Light Claims

¶ 16    To successfully state a defamation claim, a plaintiff must present sufficient facts establishing that: (1) the defendant made a false statement about the plaintiff; (2) the defendant made an unprivileged publication of that statement to a third party; and (3) the publication caused damages. *Coghlan*, 2013 IL App (1st) 120891, ¶ 38. A defamatory statement is not actionable where it is subject to a privilege. *Id.* ¶ 43.

4

¶ 17 There are two types of privilege: an absolute privilege and a qualified or conditional privilege. *Solaia Technology, LLC v. Specialty Publishing Co*., 221 Ill. 2d 558, 585 (2006). A qualified privilege in Illinois is based on "the policy of protecting honest communications of misinformation in certain favored circumstances in order to facilitate the availability of correct information." *Kuwik v. Starmark Star Marketing & Administration, Inc.*, 156 Ill. 2d 16, 24 (1993). To determine whether a qualified privilege exits, a court "looks only to the occasion itself for the communication and determines as a matter of law and general policy whether the occasion created some recognized duty or interest to make the communication so as to make it privileged." *Id.* at 27. Qualified privileged occasions include "situations that involve some interest of the party publishing the statement, such as a corporate employer investigating certain conduct by its employees." *Popko v. Continental Casualty Co.*, 355 Ill. App. 3d 257, 264 (2005).

¶ 18 Once a defendant has established a qualified privilege, the plaintiff must prove that the defendant either intentionally published the material while knowing the matter was false or displayed "reckless disregard" as to the falseness of the matter. *Coghlan*, 2013 IL App (1st) 120891, ¶ 43. Reckless disregard occurs when the defamatory statement is published "despite a high degree of awareness of probable falsity or entertaining serious doubts as to its truth." *Mittelman v. Witous*, 135 Ill. 2d 220, 237-38 (1989). A plaintiff's burden is not satisfied "by the bare allegation that a defendant acted maliciously and with knowledge of the falsity of the statement; the plaintiff must allege facts from which actual malice may be inferred." *Davis v. John Crane, Inc.*, 261 Ill. App. 3d 419, 431 (1994). The determination of whether a qualified privilege exits is a question of law for the trial court to decide. *Kuwik*, 156 Ill. 2d at 25.

¶ 19 As alleged in Kiss's third amended complaint, Sheldon's statements were made at a board meeting in reference to plaintiff's performance as Old Renwick's attorney and property manager.

5

They were made by a board member in her official capacity while discussing the business of the homeowners association. Defendants filed a motion to dismiss, asserting that the statements Sheldon made were protected by a qualified privilege that appeared on the face of the pleading and that Kiss had not pled facts showing that she acted maliciously and with knowledge of the falsity of the statements. Contrary to plaintiff's assertion, defendants did not have to support the qualified privilege with an affidavit where the circumstances surround Sheldon's statements appeared on the face of the pleading. See *Coghlan*, 2013 IL App (1st) 120891, ¶ 23 (affidavit required only where defects or defenses are not apparent on the face of the pleading). In response to defendants' motion, Kiss failed to overcome the asserted privilege by demonstrating that the statements were made in reckless disregard of the truth. He failed to show that Sheldon had any awareness of the probable falsity of the statements or that she had serious doubts as to their truth. Despite several opportunities to correct his pleading, plaintiff continued to replead legal conclusions that the statements were made with actual malice. Such claims, unsupported by specific factual allegations, do not satisfy our fact-pleading requirements.

¶ 20        Kiss also sought recovery based on false light invasion of privacy. To sustain a cause of action for false light invasion of privacy, a plaintiff must allege that: (1) he was placed in a false light before the public as a result of the defendant's actions; (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice. *Chang Hyun Moon v. Kang Jun Liu*, 2015 IL App (1st) 143606, ¶ 17. Defamation and false light are closely related torts, and the same privileges apply to both claims. *Sullivan v. Conway*, 157 F. 3d 1092, 1098-99 (7th Cir. 1998) (citing Restatement (Second) of Torts § 652G (1979)). Here, plaintiff's failure to plead specific facts demonstrating actual malice or that the statements were made in reckless disregard for the truth allows the qualified privilege to prevail as an affirmative defense.

Thus, the trial court did not err in dismissing Kiss's defamation claim or his claim for false light invasion of privacy on that basis.

¶ 21                                    C. Dismissal with Prejudice

¶ 22        Kiss asserts that the trial court should have allowed him to amend his pleading following the dismissal of his third amended complaint.

¶ 23        The denial of leave to amend a pleading is a matter within the sound discretion of the trial court, and, absent an abuse of that discretion, the court's determination will not be overturned on review. *Village of Wadsworth v. Kerton*, 311 Ill. App. 3d 829, 842 (2000). "An abuse of discretion will be found only where no reasonable person would take the view adopted by the trial court." *Keefe–Shea Joint Venture v. City of Evanston*, 364 Ill. App. 3d 48, 61 (2005). In determining whether the trial court abused its discretion in ruling on a motion for leave to file an amended complaint, we consider the following factors: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

¶ 24        In this case, plaintiff did not explain how a fourth amendment would cure the defect in his pleadings and his argument before the trial court did not provide any further explanation. In addition, Kiss failed to attach the proposed amended complaint to his motion to reconsider in which he requested leave to amend. We therefore find no abuse of discretion in the trial court's decision to deny his request for leave to amend. See *Ignarski v. Norbut*, 271 Ill. App. 3d 522, 532-33 (1995) (no abuse of discretion in denying motion for leave to amend complaint where plaintiff moved to amend yet failed to submit proposed amendment to the trial court).

7

¶ 25                                    III. CONCLUSION

¶ 26        The judgment of the circuit court of Will County is affirmed.

¶ 27        Affirmed.