2024 IL App (1st) 240083-U

FOURTH DIVISION
Order filed: July 11, 2024

No. 1-24-0083

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| KIMBERLY JEAN BROWN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2023 L 003001 |
| | ) | |
| LAW BULLETIN PUBLISHING CO., sued as LAW | ) | |
| BULLETIN MEDIA, INC., | ) | Honorable |
| | ) | Danial L. Kubasiak, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*:   We affirmed the dismissal of the plaintiff's claims for defamation and conspiracy to defame with prejudice, finding that the claims asserted therein are barred by the Fair Reporting Privilege. We found no abuse of discretion in the circuit court's failure to grant the plaintiff leave to amend either claim. We vacated the dismissal of the plaintiff's claims for fraud and conspiracy to defraud, and remanded the matter to the circuit court with instructions to address the question of whether either claim pled facts in support of the elements necessary to maintain the claim.

¶ 2       The plaintiff, Kimberly Jean Brown, appeals *pro se* from an order of the circuit court dismissing her four-count complaint against the Law Bulletin Publishing Co. (incorrectly sued as the Law Bulletin Media, Inc.) (hereinafter referred to as "the Law Bulletin"). For the reasons which follow, we affirm the dismissal with prejudice of the plaintiff's claims against the Law Bulletin for defamation and conspiracy to defame, vacate the dismissal of the plaintiff's fraud and conspiracy-to-defraud claims, and remand the matter to the circuit court with instructions.

¶ 3       The plaintiff filed a four-count complaint against the Law Bulletin asserting claims for defamation, conspiracy to defame, fraud, and conspiracy to commit fraud. The plaintiff alleged the following facts in support of her claims.

¶ 4       On August 20, 2020, the plaintiff filed an action against various defendants in the Federal District Court for the Northern District of Illinois ("Federal Case"). On March 14, 2022, United States District Court Judge Andrea R. Wood entered an order in the Federal Case, dismissing that action without prejudice. A copy of that order was attached as an exhibit to the plaintiff's complaint in the instant action.

¶ 5       On March 16, 2022, the Law Bulletin published on its website what the plaintiff referred to as an "Article Snippet" concerning the dismissal order entered in the Federal Case. On March 17, 2022, the Law Bulletin published a complete article concerning the order in its paper edition ("Article"). According to the plaintiff's complaint, the March 16, 2022, Article Snippet, under the caption of "Judge tosses suit alleging false accusations harmed lawyer's business," stated:

          "An estate-planning attorney does not have a tort case against the people she

     maintains falsely accused her of taking advantage of a former client who offered to invest

     in a business she had started, a federal judge held. In a written opinion Monday, U.S.

District Judge Andrea R. Wood of the Northern District of Illinois dismissed a lawsuit alleging three individuals damaged Kimberly Jean Brown's reputation and caused"

The Article Snippet ended before the completion of the second sentence.

¶ 6　According to the plaintiff's complaint, the Article Snippet contains misinformation, namely, that the Federal Case was over, and the phrase "does not have a tort case" is inconsistent with the order. The plaintiff asserted that the Law Bulletin intentionally published the Article Snippet to "enable circulation of misinformation" about her and was asked to publish the Article Snippet by "unnamed actors" so that "the misinformation could be weaponized." Footnote 8 in the complaint states, in part: "Plaintiff has not reviewed the full Article."

¶ 7　In support of her defamation claim, the plaintiff charged that: the Law Bulletin knowingly made false statements in the Article Snippet; the Article Snippet is not accurate; the Law Bulletin "acted intentionally, and with malice or reckless disregard to the truth, by publishing the Article Snippet;" and the Law Bulletin made false statements for the purpose of causing her harm. In support of her conspiracy-to-defame claim, the plaintiff charged that the Law Bulletin agreed with "unnamed bad actors" to draft and post the Article and Article Snippet in furtherance of a conspiracy to discredit and harm her and that the Law Bulletin intentionally posted the Article and Article Snippet in furtherance of the conspiracy. In support of her fraud claim, the plaintiff charged that the Law Bulletin: intentionally misrepresented material facts in the Article Snippet; posted the Article Snippet to give credibility to misinformation about her; and did not post an update to the Article Snippet when she emailed a copy of her second amended complaint in the Federal Case. The plaintiff also alleged that "there was reliance on the misinformation contained in the Article Snippet" and such reliance has caused her harm. In support of her claim for conspiracy to defame, the plaintiff charged that the Law Bulletin and "unnamed bad actors" conspired to harm and

discredit her, the Law Bulletin posted the Article and Article Snippet in furtherance of the conspiracy to convince the public that she was a person of questionable character, and the Article Snippet was intentionally drafted to appear definitive and to deceive readers into believing that the Federal Case had concluded and the decision was final.

¶ 8    The Law Bulletin filed a combined motion to dismiss the plaintiff's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2022)). As to the defamation claim, the motion raised, *inter alia,* the fair reporting privilege as grounds for dismissal pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2022)). The motion sought dismissal of the conspiracy-to-defame, fraud, and conspiracy-to-defraud claims pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)). The motion was supported by the affidavit of Andrea Hanis, the Law Bulletin's editor, authenticating the attached copy of the Article that appeared on the Law Bulletin's website and in its March 17, 2022, printed edition.

¶ 9    On December 20, 2023, the circuit court entered a memorandum order, stating: "(1) Defendant's motion to dismiss is granted with prejudice under Section 2-619 pursuant to the fair reporting privilege; (2) This is a final order that disposes of all issues and disputes before the Court." The order, although referencing the standards for dismissal under section 2-615 of the Code, makes no reference to the dismissal of any of the claims on that basis.

¶ 10    On December 27, 2023, the plaintiff filed a motion to vacate the December 20, 2023, dismissal order. On January 16, 2024, and while her motion to vacate was pending and undetermined, the plaintiff filed a notice of appeal from the December 20, 2023, order.

¶ 11    On April 5, 2024, the Law Bulletin filed a motion to dismiss this appeal due to the pendency of the plaintiff's motion to vacate in the circuit court. This court entered an order on April 15,

2024, denying the motion to dismiss but staying this appeal pending the circuit court's disposition of the plaintiff's December 27, 2023, motion to vacate.

¶ 12    On April 24, 2024, the circuit court denied the claimant's motion to vacate, and on May 14, 2024, this court lifted the stay, allowing this appeal to proceed. When, as in this case, a notice of appeal is filed before the entry of a timely filed postjudgment motion, the notice of appeal becomes effective when an order disposing of the postjudgment motion is entered. Ill. S. Ct. R. 303(a)(2) (eff. July 1, 2017).

¶ 13    In urging reversal of the December 20, 2023, order dismissing her action, the plaintiff argues that the circuit court erred: (1) by making factual findings that contradict the allegations in her complaint; (2) in its application of the fair reporting privilege to the Article Snippet; and (3) in denying her an opportunity to amend her complaint. Our difficulty in addressing the issues raised is based in no small part upon the text of the circuit court's dismissal order.

¶ 14    As noted earlier, the circuit court's order states that the Law Bulletin's motion to dismiss "is granted with prejudice under Section 2-619 pursuant to the fair reporting privilege" and then goes on to state that the order is final, disposing of "all issues and disputes before the Court." The parties have interpreted, as do we, the circuit court's December 20, 2023, dismissal order as dismissing all four counts of the plaintiff's complaint pursuant to section 2-619 of the Code. The order specifically states that "the Court finds it unnecessary to address the Defendant's Section 2-615 arguments." Further, the only case specific analysis in the circuit court's order appears under the heading of "*Section 2-619*" and is addressed to the Law Bulletin's assertions that nothing contained in its article is false, the article accurately reflects the content of the March 14, 2022, order entered in the Federal Case, and publication of both the Article and the Article Snippet are protected under the fair reporting privilege.

¶ 15 We will first address the propriety of the dismissal of the plaintiff's defamation claim based on the fair reporting privilege. Section 2-619(a)(9) of the Code provides a procedure for the involuntary dismissal of a claim "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2022). A motion to dismiss under section 2-619(a)(9) admits the legal sufficiency of the plaintiff's claim but asserts affirmative matter outside of the complaint that defeats the claim. *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 120 (2008); *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006). Our review of a dismissal pursuant to section 2-619(a)(9) is *de novo. Solaia Technology*, *LLC,* 221 Ill. 2d at 579.

¶ 16 To state a claim for defamation, a plaintiff must plead facts showing that the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement, and that the publication resulted in damages to the plaintiff. *Id.* A defamatory statement is not actionable if it is privileged. *Id.* at 585.

¶ 17 In this case, the Law Bulletin argued that both the Article Snippet and the Article are nonactionable under the fair reporting privilege. We agree.

¶ 18 As noted by the supreme court in *Solaia Technology, LLC* (221 Ill. 2d at 585), "Section 611 of the second Restatement of Torts provides: 'The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgement of the occurrence reported.' Restatement (Second) of Torts § 611 (1977)." The fair reporting privilege overcomes allegations of either common law or actual malice. *Id.* at 587. "[T]he fair report privilege does not yield to allegations that a media defendant reported with actual

malice false statements on an official proceeding [and] *** there is no judicial-action limitation on the fair report privilege in Illinois." *Id.* at 596.

¶ 19    The subject of both the Article Snippet referenced by the plaintiff in her complaint and the full Article attached to the Law Bulletin's motion to dismiss is the March 14, 2022, order entered in the Federal Case. As noted earlier, the Article Snippet published by the Law Bulletin and referenced in the plaintiff's complaint states that a federal judge held that the plaintiff does not have a tort case against the individuals she maintains falsely accused her of taking advantage of a former client who offered to invest in a business she had started and that, in a written opinion, U.S. District Judge Andrea R. Wood of the Northern District of Illinois dismissed a lawsuit alleging three individuals damaged the plaintiff's reputation. The full Article attached to the Law Bulletin's motion to dismiss states the basis of the plaintiff's claims in the Federal Case, who the defendants were, the fact that the federal judge found that the plaintiff had not adequately stated claims against the defendants for various torts, and that the plaintiff's action was dismissed without prejudice, giving the plaintiff until April 4, 2022, to file an amended complaint.

¶ 20    A copy of the March 14, 2022, order entered in the Federal Case was attached as an exhibit to the plaintiff's complaint in this case. That order sets forth in specific detail the plaintiff's factual allegations against each of the defendants and sets forth in detail the court's basis for the dismissal of each count. As to the plaintiff's tortious-interference-with-contractual-relationship claim, the district court judge found that the plaintiff "has not adequately alleged the actual-breach element of her claims." Addressing the claimant's claims for tortious interference with prospective business relations, the judge found that the plaintiff "failed to plead facts plausibly suggesting that any Defendant purposefully interfered with her reasonable expectancy of business relationships with former and prospective clients." Next, the order stated that the plaintiff's defamation count was

dismissed because "all of the allegedly defamatory statements in the amended complaint are either time-barred, privileged, or non-actionable." In dismissing the plaintiff's claims for intrusion upon seclusion and false light, the district court judge found that the plaintiff's "false light claim fails to plead an actionable false statement of fact and her intrusion upon seclusion claim fails to allege private acts or any intrusion by a Defendant." As to the plaintiff's claim for intentional infliction of emotional distress, the order states that "[a]t most, Defendants' accusations amount to the type of '[m]ere insults, indignities, threats, annoyances, petty oppressions or trivialities' that are not actionable as IIED," quoting *Cook v. Winfrey*, 141 F.3d 322, 331 (7th Cir. 1998). In dismissing the plaintiff's civil conspiracy claims, the district court judge concluded that, "[s]ince each of Brown's individual tort claims have now been dismissed, her civil conspiracy claim must be dismissed as well." Finally, as to Count VIII of the plaintiff's amended complaint, which sought to hold JPMorgan vicariously liable for the conduct of the defendant Williams and the Firm, James D. Montgomery, Ltd., vicariously liable for the conduct of the defendant Montgomery, the order states that, "since Brown has failed to plead any viable claim against Williams or Montgomery, there is no claim which JPMorgan and the Firm can be held vicariously liable." In summary, the district court judge granted the defendants' motion to dismiss, dismissed the plaintiff's amended complaint without prejudice, and granted the plaintiff until April 4, 2022, to file a second amended complaint that remedies the deficiencies discussed in the order.

¶ 21 The plaintiff argues that the circuit court incorrectly identified and evaluated the Article as the subject of her complaint instead of the Article Snippet as she alleged. According to the plaintiff, the Article and the Article Snippet "are not contiguous" and treating the Article as the subject of her complaint contradicts the complaint's factual allegations. We agree that, from the text of its order, the circuit court appears to have determined that the Article is non-actionable based on its

application of the fair reporting privilege. However, we are reviewing, *de novo,* the section 2-619 dismissal of the complaint, and we may affirm the dismissal on any basis supported by the record, regardless of whether the circuit court based its decision on the proper grounds. See *Tzakis v. Berger Excavating Contractors, Inc.*, 2019 IL App (1st) 170859, ¶ 19.

¶ 22 Whether an alleged defamatory publication is privileged is a question of law. *Solaia Technology, LLC*, 221 Ill. 2d at 585. That proposition applies whether addressing the Article or the Article Snippet. We have examined the March 14, 2022, order entered in the Federal Case, the Article Snippet, and the Article itself and find that both the Article Snippet and the Article are accurate, fair abridgements by the Law Bulletin of the content of an official court document. We conclude, therefore, that the publication of both the Article Snippet as alleged in the plaintiff's complaint and the publication of the Article attached to the Law Bulletin's motion is nonactionable under the fair reporting privilege.

¶ 23 Based on the foregoing analysis, we affirm the dismissal of the plaintiff's defamation claim. And having affirmed the dismissal of the defamation claim, it follows that we also affirm the dismissal of the plaintiff's conspiracy-to-defame claim as there can be no actionable conspiracy to defame in the absence of actionable defamation.

¶ 24 The plaintiff argues that she should have been granted leave to amend her complaint. We disagree as to the defamation and conspiracy-to-defame counts.

¶ 25 Whether to grant leave to amend a complaint following dismissal is a matter committed to the sound discretion of the trial court. *Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992). In determining whether the trial court abused its discretion in failing to grant leave to amend, we look to four factors: (1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the

proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified. *Id.* The plaintiff must meet all four factors, and if the plaintiff fails to meet the first factor, we generally will not proceed with further analysis. *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7 (2004). Where it is apparent that even after amendment no cause of action can be stated, leave to amend should be denied. *Id.*

¶ 26 Before a trial court can be found to have abused its discretion in failing to grant leave to amend, it must be clear from the record that reasons of fact were presented to the trial judge as a basis for amendment. *Id.* at 13. In this case, the defamation and conspiracy-to-defame claims were dismissed based on an application of the fair reporting privilege. We fail to see, and the plaintiff has failed to argue, how any amendment to either claim could survive dismissal on the same grounds. We find nothing in the record which could support a finding that the plaintiff presented reasons or facts to the trial court that an amendment to either the defamation claim or the conspiracy-to-defame claim based on the Article Snippet or the Article itself could survive a motion to dismiss based on the fair reporting privilege. For these reasons, we find that the trial court did not abuse its discretion in failing to grant the plaintiff leave to amend either her defamation claim or her conspiracy-to-defame claim.

¶ 27 We turn next to the dismissal of the plaintiff's fraud and conspiracy-to-defraud claims. In her brief, the plaintiff made no argument specifically addressed to the dismissal of her fraud and conspiracy-to-defraud claims. For its part, the Law Bulletin argued in its brief that dismissal of the fraud and conspiracy-to-defraud claims was proper because the plaintiff "failed to allege the elements of fraud or conspiracy to defraud with any specificity." In reply, the plaintiff asserts that the circuit court did not rule on the merits of the Law Bulletin's argument that her claims of fraud and conspiracy to defraud failed to allege the necessary elements. We agree with the plaintiff.

- 10 -

¶ 28    Whether a complaint states a cause of action is an appropriate inquiry in the context of a motion to dismiss pursuant to section 2-615 of the Code.  In its motion to dismiss, the Law Bulletin argued for the dismissal of the fraud and conspiracy to defraud claims pursuant to section 2-615 of the Code, asserting that the plaintiff failed to allege facts necessary to support either claim. The dismissal order entered by the circuit court on December 20, 2023, states that: "As the Court has granted the Defendant's motion under Section 2-619, the Court finds it unnecessary to address Defendant's Section 2-615 arguments."

¶ 29    We have affirmed the dismissal of the plaintiff's defamation and conspiracy-to-defame claims pursuant to section 2-619(a)(9) based on an application of the fair reporting privilege. The fair reporting privilege is a defense to a defamation claim. The Law Bulletin has not cited, nor has our research found, any authority for the proposition that the privilege is also a defense to an action for fraud. We agree with the Law Bulletin's assertion that, once the plaintiff's defamation claim has been rejected, it cannot serve as the basis for her fraud claim; she must plead and prove the elements of fraud independent of any alleged defamatory conduct. See *Jacobson v. CBS Broadcasting, Inc.*, 2014 IL App (1st) 132480, ¶ 54. The question left unresolved by the circuit court is whether the plaintiff's complaint sufficiently pled facts in support of the elements necessary to maintain either an action for fraud or an action for conspiracy to defraud.

¶ 30    Supreme Court Rule 366(a)(5) (eff. Feb. 1, 1994) empowers this court to "enter any judgement or make any order that ought to have been given or made *** that the case may require." Rule 366(a)(5)'s grant of authority is one used sparingly. In this case, we elect not to use the power to address a fundamental issue that the circuit court failed to address. Having found that the fair reporting privilege is not a defense to a fraud action, we think it prudent to vacate the dismissal of the plaintiff's fraud and conspiracy to defraud claims and remand the matter to the circuit court

with instructions to address the Law Bulletin's argument that the plaintiff's fraud and conspiracy to defraud claims fail to plead facts in support of the elements necessary to maintain either claim.

¶ 31 For the reasons stated, we affirm the dismissal of the plaintiff's defamation and conspiracy to defame claims against the Law Bulletin with prejudice, vacate the dismissal of the plaintiff's fraud and conspiracy-to-defraud claims, and remand this matter to the circuit court with instructions to address the Law Bulletin's section 2-615 argument that neither the fraud claim nor the conspiracy-to-defraud claim pled sufficient facts in support of the elements necessary to maintain either claim.

¶ 32 Affirmed in part, vacated in part, and remanded with instructions.